STATE v. QUEEN.

Juries—Constitution—Words and Phrases.—The words "summon and empanel," used in art. III., sec. 34, sub sec. 8, of Constitution, construed to include listing and drawing juries, and under it the act of 1900, 23 stat., 315, amending the jury law of the State, whether considered as an independent act, or an amendment, or as a special provision in a general law, is violative of sec. 34, art. III., Constitution, in that the operation of the law is not uniform throughout the State.

*Carolina Grocery Co.* v. *Bennett,* 61 S. C., 205, distinguished from this.

Before Gage, J., Cherokee, June, 1901.    Reversed.

Indictment against H. J. Queen, D. F. Ray, R. W. Ray, J. L. Teal and Weldon Henderson.   From judgment against all defendants, H. J. Queen and R. W. Ray appeal.

*Mr. G. W. Speer,* for appellant, cites: *The jury law now of force is unconstitutional:* 23 Stat., 315, 320, 279; Con. 1895, art. III., sec. 34, art. I., sec. 29; 60 S. C., 504; 59 S. C., 110; 3 Ency., 695-6.

*Solicitor J. K. Henry,* contra, cites: *On same point, contra:* 38 S. C., 271; Black on Int. of Laws., p. 19, Con. 1895, art. III., sec. 34; 61 S. C., 212; 59 S. C., 114.

*Assistant Attorney General U. X. Gunter,* also contra, cities: *On same point contra:* 59 S. C., 110; 61 S. C., 205; 10 Whitt., 30; 21 Am. St. R., 780; 34 O. St. R., 228; 51 S. C., 51; 59 S. C., 200.

January 13, 1902.    The opinion of the Court was delivered by

Mr. Justice Gary.    The appellants were tried and convicted of riot and assault and battery with intent to kill, at the June (1901) term of the Court for Cherokee County. "Before the jury was selected, the attorney for the appellants made a motion to quash the array of jurors on two grounds:

(1) because there was no jury law warranting the drawing of a jury for Cherokee County, and (2) because the jury law, if any, was repugnant to that provision of the Constitution which prohibits special legislation." His Honor, the Circuit Judge, overruled the motion, whereupon the defendants appealed upon the following exception: "Because his Honor erred in holding that the jury law of 1900, 23 Statutes, 315, entitled 'An act to amend sections 2236 and 2237 of the General Statutes, relating to the drawing and term of service of juries, in the Circuit Courts of this State, and to validate the jury lists already prepared,' is not repugnant to, or in violation of, subdivisions 8, 11 and 12 of section 34, article III., Constitution 1895, inasmuch as said jury law contains special and local provisions allowing the counties of Greenwood, Abbeville, Edgefield, Orangeburg, Lexington and Aiken to summon and empanel jurors in those counties, and the county of Charleston has a separate and distinct act at page 320, 1900, all of which violates the aforesaid constitutional provision."

Section 1 of the act first mentioned in the exception contains the following provision: "That section 2236 of the General Statutes of 1882, now known as section 2375 of the Revised Statutes, be amended so as to read as follows: *Section 2375.* The clerks of the Court in each county in this State shall, on or before the 5th day of January of each year, prepare a statement, and deliver the same to the county board of commissioners, of the number of jurors that will be required to be in attendance for each term of the Court, to be held in the county during the ensuing year, and the county board of commissioners shall in each year during the month of January, prepare a list of such legally qualified voters of theirs respective counties not absolutely exempt as they may think well qualified to serve as jurors, being persons of good moral character, of sound judgment and free from all legal exceptions, to be selected from the county at large, without regard to whether such persons reside in seven miles of the court house or not, except in the counties of Spartanburg and

Orangeburg, the list shall be prepared in the month of December; and the list so prepared by each county board of commissioners shall contain twice the number as reported by the clerk of the Court: *Provided,* That in Aiken County the jury shall be listed and drawn as provided by the county government law: *Provided,* That in the counties of Abbeville, Edgefield, Lexington and Greenwood the said jury list shall be prepared in the following manner, the list in Abbeville to be one thousand names, to wit:" * * * Art. III., sec. 34, of the Constitution provides: "The General Assembly of this State shall not enact local or special laws concerning any of the following subjects or for any of the following purposes, to wit: 1. To change the name of persons or places, 2. To lay out, open, alter or work roads or highways. 3. To incorporate cities, towns or villages, or change, amend or extend the charter thereof. 4. To incorporate educational, religious, charitable, social, manufacturing or banking institutions not under the control of the State, or amend or extend the charters thereof. 5. To incorporate school districts. 6. To authorize the adoption or legitimation of children. 7. To provide for the protection of game. 8. To summon and empanel grand or petit jurors. 9. To provide for the age at which citizens shall be subject to road or other public duty. 10. To fix the amount or manner of compensation to be paid to any county officer, except that the laws may be so made as to grade the compensation in proportion to the population and necessary service required. 11. In all other cases, where a general law can be made applicable, no special law shall be enacted. 12. The General Assembly shall forthwith enact general laws concerning said subjects for said purposes, which shall be uniform in their operations: *Provided,* That nothing contained in this section shall prohibit the General Assembly from enacting special provisions in general laws." In determining the constitutionality of the foregoing act, it will be necessary to construe the words "to summon and empanel jurors." It is contended by the respondents that they do not include the listing and drawing

of jurors. In reaching a conclusion upon this question, we must look to the evil which the Constitution wished to uproot. The jury laws throughout the State were various and were productive of great confusion and uncertainty. The object of the Constitution was to make the jury law uniform throughout the entire State, and this can only be accomplished by interpreting the words "summon and empanel" to include listing and drawing of jurors.

Having reached this conclusion, we will next consider whether the act can be considered as a special provision in a general law. While the act purports to be only an amendment, it is, in effect, a substitute for the law then of force on this subject, and deals with the entire question of listing and drawing jurors. It must, therefore, be construed as an independent act, and cannot be regarded as a special provision in a general law.

The next question that will be considered is whether it can be construed to be a valid general law. In *Dean* v. *Spartanburg*, 59 S. C., 110, the Court says: "In order that a law may be general, it must be of force in every county in the State; and while it may contain special provisions making its effect different in certain counties, those counties cannot be exempt from its entire operation." The provisions of the act that "In Aiken County, the jury shall be listed and drawn as provided by the county government law," shows that it was not intended to be of force in that county. The provision that in the counties of Abbeville, Edgefield, Lexington and Greenwood the jury list should be prepared in the manner therein set forth shows that the operation of the act was not uniform throughout the State. But construing the act as an amendment it cannot be declared to be constitutional, for the reason that it substantially changes the general law as to juries and prevents uniformity in all the counties of the State upon that subject. Even if it should be contended that it is a special provision in a general law, it could not be construed to be constitutional, as it prevents in a substantial manner uniformity in the jury law throughout the State.

The appellants also contend that "the county of Charleston has a separate and distinct act, at page 320, 1900, which violates the aforesaid constitutional provision." Even conceding this to be the fact, it could not have effect in determining whether the first act hereinbefore mentioned was constitutional, and its consideration is immaterial.

These views are not inconsistent with the ruling in *Carolina Grocery Co.* v. *Burnett,* 61 S. C., 205, as that case did not arise under either of the first ten subdivisions of art. III., sec. 34; by reference to which it will be seen that the main object was to secure uniformity as to the subjects therein mentioned, and any legislation relating to those subjects which substantially mitigates against uniformity must necessarily be declared unconstitutional.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded for a new trial.