SEVERANCE v. MURPHY.

1. DISPENSARY LAW—CONSTITUTION.—Criminal Code, 1902, 563, relating to location of dispensaries, is not violative of either sec. 5, art. I., or sub. 11, sec. 34, art. III., of Constitution.

2. IBID.—The notice provided by section 563, Criminal Code, by county board of control of intention to locate a dispensary need only designate the locality in a township in which it is proposed to locate a dispensary, and need not state exact location, as street or number of building.

3. IBID.—ELECTIONS—INJUNCTIONS.—Allegations of a complaint, admitted by demurrer, that it is unreasonable and unjust for the board

of control to locate a dispensary in a town after several elections resulting against such location, are mere conclusions, and furnish no ground for the Court to interfere with the powers of the board of control.

4. REMITTITUR.—Order holding up remittitur revoked.

Before DANTZLER, J., Williamsburg, December, 1902. Reversed.

Action by P. E. Severance and E. J. Wilkes against Board of Control of Williamsburg County. So much of the Circuit decree as relates to the constitutionality of the act in question is as follows:

"Plaintiffs contend that section 7 of the act of 1896 is unconstitutional, 'in that the same contravenes section 5, of article I., of the Constitution, in that the citizens of Williamsburg County and the citizens of Lake City and other incorporated towns in the county of Williamsburg, are denied the equal protection of the laws accorded by said acts to the citizens of the other counties and incorporate towns of the State, and the immunities and privileges of citizens of said town of Lake City and of the county of Williamsburg are abridged by the 7th section of said act. That the same is unconstitutional, also, in this, that it contravenes subdivision 11, of section 34, of article III., of the Constitution, in this, that the proviso of the said section * * * provides for the establishment of dispensaries throughout the county of Williamsburg in a manner different from that provided by said act for the other counties of the State, thereby rendering said act a special act, in that it is not uniform in its operation throughout the State; that the 7th section of the said act is unconstitutional, also, in that it undertakes to allow dispensaries to be located outside of incorporated towns in the counties of Horry and Beaufort, and in no other.'

"I cannot approve such contention of the plaintiffs. In the case of *Utsey* v. *Hiott*, 30 S. C., 365 to 366, it is declared, 'While there may be just objections for local laws in general,

it is well established that the authority that legislates for the
State at large must determine whether particular rules shall
extend to the whole State and all its citizens, or, on the other
hand, to a subdivision of the State or single class of its citi-
zens only. The circumstances of a particular locality of the
prevailing sentiment in that section of the State may require
or make acceptable different police regulations from those
demanded in another. The legislature may, therefore, pre-
scribe different laws of police in each district municipalities,
provided the State Constitution does not forbid. These dis-
criminations are made constantly; and the fact that the laws
are of local or special operation only, is not supposed to render
them obnoxious in principle.' * * * If the laws be otherwise
unobjectionable, all that can be required in those cases is,
that they be general in their application to the class or locality
to which they apply; and they are then public in character,
and of their propriety and policy the legislature must judge.
And as Mr. Justice McIver said, in the case of the *State* v.
*Berlin,* 21 S. C., 296, the whole matter is well summed up in
a note on the same page of Cooley's Constitutional Limita-
tions (390), in the following words: 'To make a statute a
public law of general obligation, it is not necessary that it
shall be equally applicable to all parts of the State; all that is
required is, that it shall apply equally to all persons within
the territorial limits described in the act.' In the case of
*Utsey* v. *Hiott, supra,* it was averred that a certain act of the
General Assembly was unconstitutional, in that it violated
section 12, of article I., of the Constitution of 1868; and in
the case at bar, it is urged that section 7 of the act of 1896,
and the amendatory act of 1902, contravene the correspond-
ing section of the Constitution of 1895, to wit: section 5, of
article I. While the section of the act in question prescribes
a method of establishing dispensaries in the county of Wil-
limsburg different from other sections of the State, yet the
provisions of that section are general in their application to
the class or locality to which they apply, and apply equally to

all persons within the territorial limits of Williamsburg County.

"Nor can subdivision 11, section 34, of article III., of the Constitution, avail the plaintiffs. While that section declares that, 'In all other cases where a general law can be made applicable, no special law can be enacted;' yet the proviso of section 12, of the same section, declares: 'that nothing contained in this section shall prohibit the General Assembly from enacting special provisions in general laws.' My construction of the proviso in question is that it is a special provision in the general dispensary law, and is not, therefore, in contravention of that section of the Constitution invoked by the plaintiffs. *Grocery Co.* v. *Burnett,* 61 S. C., 205.

"Furthermore, section 11, of article VIII., of the Constitution, confers upon the General Assembly, 'in the exercise of the police power,' the right to 'authorize and empower State, county and municipality, all or either, under the authority and in the name of the State, to buy in any market and retail within the State, liquors and beverages in such packages and quantities, under such rules and regulations as it deems expedient. * * *' This section is very comprehensive, and, it seems, confers such power upon the General Assembly of the State, in relation to the subject matter of the section, as is limited by the disposition of that legislative body to determine what legislation is expedient for the purchase and sale of 'alcoholic liquors and beverages within the State.' It is independent of, and is not to be controlled by, any other section of the Constitution.

"I, therefore, hold, and so adjudge, that 'section 7' of the act of 1896 is constitutional, and that the amendatory act of 1902 is a valid 'exercise of the police power' by the General Assembly, as authorized by section 11, of article VIII., of the Constitution."

From the Circuit decree, the defendants appeal.

*Mr. Attorney General U. X. Gunter,* for appellants, cites:

*Statute is not violative of the Constitution:* 30 S. C., 365; 21 S. C., 296; Cool. Con. Lim., 390; 61 S. C., 205.

*Messrs. W. L. Bass* and *S. W. G. Shipp,* contra, cite: *Board must designate in notice certain locality:* 62 S. C., 72. *This section is unconstitutional:* 60 S. C., 501; 59 S. C., 110; 63 S. C., 169; 51 S. C., 54; 61 S. C., 205.

The opinion in this case was filed June 30, 1903, but remittitur held up until

November 20, 1903. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendants, constituting the board of control of Williamsburg County under the dispensary law, had printed in *The County Record,* a newspaper published at Kingstree, the following notice:

"All voters in Lee Township, county of Williamsburg, State of South Carolina, are hereby notified that application has been made to the county board of control of said county of Williamsburg for the location of a dispensary at Scranton, in Lee Township, and one at Lake City, in Lee Township, both in the county of Williamsburg, State of South Carolina, and that petitions for and against the location of said dispensaries will be received by the undersigned, county board of control, for twenty days from date hereof.

"(Signed)         R. A. MURPHY, Chairman,
                 S. M. McCLARY,
                 P. G. GOURDIN,
                       County Board of Control."

"May 22, 1902-4t."

This notice was given under section 563 of Criminal Code (section 7 of dispensary law of 1896), which, for a proper understanding of this discussion, it is necessary to set out in full. After amendment by the act of February, 1902, this section reads as follows:

"There may be one or more county dispensers appointed

for each county, the place of business of each of whom shall be designated by the county board, but the state board of directors must give consent before more than one dispenser can be appointed in any county; and when the county board designates a locality for a dispensary, twenty days' public notice of which shall be given, it shall be competent for a majority of the voters of the township in which such dispensary is to be located to prevent its location in such township by signing a petition or petitions, addressed to the county board, requesting that no dispensary be established in that township. The county board may in its discretion locate a dispensary elsewhere than in an incorporated town in the counties of Beaufort and Horry, and no others, except such as are authorized by special act of the General Assembly: *Provided, however,* That any county, town or city wherein the sale of alcoholic liquors was prohibited by law prior to July 1, 1893, may secure the establishment of a dispensary within its borders in the following manner: Upon petition signed by one-fourth of the qualified voters of such county, town or city wishing a dispensary therein being filed with the county supervisor or town or city council, respectively, they shall order an election submitting the question of dispensary or no dispensary to the qualified voters of such county, town or city, which election shall be conducted as other special elections; and if a majority of the ballots cast be found and declared to be for a dispensary, then a dispensary may be established in said county, town or city: *Provided,* That dispensaries may be established in the counties of Williamsburg, Pickens and Marion, and at Seneca and other towns now incorporated in Oconee County, without such election, on compliance with the other requirements of this chapter: *Provided,* That nothing in this chapter contained shall be so construed as to prohibit persons resident in counties which shall elect to have no dispensary from procuring liquors from dispensaries in other counties, or county dispensers from shipping same to their places of residence under proper labels or certificates: *Provided, further,* That

nothing in this chapter shall be construed to repeal an act entitled 'An act to allow the opening of dispensaries in Pickens and Oconee Counties,' approved December 18th, 1894."

Upon publication of this notice, this action was instituted by the plaintiffs, residents of the town of Lake City, in Lee Township, to enjoin the defendants from taking any further steps to establish a dispensary in Lee Township. The complaint rests, first, on the allegation that the section above quoted is unconstitutional, in so far as it provides, "That dispensaries may be established in the counties of Williamsburg, Pickens and Marion, and at Seneca and other towns now incorporated in Oconee County, without such election, on compliance with the other requirements of this chapter," on the grounds, that the immunities and privileges of the citizens of Williamsburg and the counties mentioned with it are thereby abridged, and that this provision denies to the citizens of the counties named the equal protection of the laws accorded by the dispensary law to the citizens of other counties; and that inasmuch as this portion of the section is not uniform in its operation throughout the State, it is special legislation, contravening subdivision 11, of section 34, of article III., of the Constitution. The second proposition of the complaint is that "said notice was fatally defective, in that the board did not designate a locality in said Lee Township, but merely gave notice that in the future that they might make such designation, but whether they would or not, was left uncertain; and the board has never otherwise designated a locality for the establishment of a dispensary in Lee Township, and given twenty days' public notice thereof; that the said notice was also defective in that the same did not specify, as required by law, the building, giving street and number or location, in which the dispensary was to be carried on at Lake City, in said township." The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

His Honor, Judge Dantzler, sustained the constitutionality of the provision of the section of the dispensary law

above quoted relating to Williamsburg and other counties included with it, upon reasoning so clear and conclusive that we shall not attempt to strengthen it. He held, however, that the notice was fatally defective, and on this ground permanently enjoined the defendants from taking further proceedings towards establishing a dispensary in the town of Lake City, in Lee Township. In this we think he was in error.

The portion of the section now under consideration provides, "and when the county board designates a locality for a dispensary, twenty days' public notice of which shall be given, it shall be competent for a majority of the voters of the township in which such dispensary is to be located to prevent its location in such township by signing a petition or petitions, addressed to the county board, requesting that no dispensary be established in that township." The word "designate," as here used, certainly does not mean that the board shall name a place where they have determined to establish a dispensary, for the law contemplates no conclusion or even intention upon the part of the board until the majority of the voters have had twenty days to prevent its establishment by petition. The true interpretation of the law is, that the board must indicate by public notice that they have under consideration the establishment of a dispensary at a designated place, so that the voters of the township may have opportunity to petition against it. No argument is necessary to show the notice now under consideration fully met this requirement.

The Circuit Judge further held that the designation of locality required to be stated in the notice meant not only the designation of the town, but the place in the town where the dispensary was to be placed. Nothing short of the clearest expression of legislative intention would justify this view, for the board of control in that case might have to rent or purchase property for a dispensary before giving notice, and run the risk of having it on their hands in consequence of an adverse petition by a majority of voters. It will be observed

the statute provides for the designation of a "locality" within the limits of a township, not a town. A particular town is a locality in a township, while a street or street number is a locality in a town. That the General Assembly did not mean to limit the meaning of the word locality in this section to a particular building or lot, is further shown by the fact that when such exactness was regarded essential, the act so provides in unmistakable language. In section 564 of Criminal Code, it is enacted concerning the appointment of dispenser, "the county board of control shall authorize him to keep and sell intoxicating liquors as in this chapter provided, and every appointment so made shall specify the building, giving the street and number or location, in which intoxicating liquors may be sold by virtue of the same." Again, we find this act provides in section 565 of Criminal Code: "The county board of control shall designate or provide a suitable place in which to sell the liquors." This designation of the place, that is, lot or building, in which the business is to be conducted, requires no notice to the public, and the act manifestly contemplates it shall be provided or designated after the board of control has taken the preliminary steps by publication of notice, etc., and have decided to establish a dispensary in a certain locality.

It is clear that the law contemplates the board of control, before opening a dispensary within the limits of a township, shall give public notice designating the locality by mentioning the town, village or other definite neighborhood where it contemplates establishing it. The majority of the voters of the township may keep it out of the township by petition. If the requisite petition is not presented, the board of control without public notice designates the exact place in the town, village or neighborhood which it regards suitable for the dispensary. We think the notice here under consideration substantially complied with all the requirements of the statute.

The plaintiffs' first and third exceptions and both of

27—67

defendants' exceptions have been disposed of in the foregoing discussion.

The plaintiffs allege in the tenth paragraph of the complaint: "That it is unreasonable and unjust for the said board to attempt to locate a dispensary at Lake City, in said township, when a majority of the voters of the said town and township have indicated their objections thereto, as above set forth, and plaintiffs aver that said dispensary ought not to be located in said town and township until a reasonable time has elapsed, to wit: one year from the time of such protest, and plaintiffs allege that they and other citizens ought to be protected from the great vexation, annoyance and expense put upon them by the frequent attempts of the board to locate a dispensary at Lake City, in said township."

In their second exception, the plaintiffs submit these allegations are admitted by the demurrer and are sufficient to sustain the injunction. It further appears from the complaint, that an election was held in the town of Lake City on September 7th, 1901, on the question of dispensary or no dispensary, and resulted adversely to the dispensary. On October 12th, 1901, another election was held on the same question, and the town council passed a resolution, "that the election be considered in favor of the dispensary, by a majority of one, vote standing 30 for and 29 against." The complaint alleges that this election should have been declared against the establishment of a dispensary. Even if the October election was a nullity, or if the result should have been declared against the dispensary, this could not avail the plaintiffs, because, as we have already seen, the county board of control has the power to establish a dispensary in this instance without an election. The allegation of the complaint, that after these recent elections it is unreasonable and unjust for the board to locate a dispensary at Lake City, is a mere conclusion; and, if true, furnishes no ground for the Court to attempt to limit the power conferred by law on the county board of control.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the complaint dismissed.

On motion of respondents, by order of Mr. Justice Woods, remittitur held up for time to prepare writ of error to United States Supreme Court, and November 20, Mr. Justice Woods ordered that,

On motion of George Galletly, Esq., attorney for the respondents, the order heretofore granted in the cause, staying the remittitur from this Court to the Circuit Court of Williamsburg County, is hereby revoked.