### STATE *EX REL.* SCHRODER v. BURNS.

CONSTITUTION—STATUTES—OCONEE COUNTY—SALARY—CLERK OF COURT.—
So much of sec. 33 of the act, 24 Stat., 918, as requires the clerk of court of Oconee County to pay to the county treasurer all costs, fees and commissions collected by him by virtue of his office, is violative of sec. 34, of art. III., of Constitution, and void, but the clause being separable from other parts of the section it alone is held void.

Before DANTZLER, J., Oconee, October, 1905.    Affirmed.

Application for writ of mandamus by W. J. Schroder, as county treasurer of Oconee County, against C. R. D. Burns, as clerk of Court. From order refusing writ, relator appeals.

*Messrs. Jaynes & Shelor,* for appellant.   *Mr. Jaynes* cites: Sec. 24, art. III., Con. 1895; 6 Ency., 925; 15 Pet., 445; 59 S. C., 110; 60 S. C., 502.

*Messrs. Stribling & Herndon,* contra.   *Mr. Herndon* cites: Sec. 34, art. III., Con. 1895; 62 S. C., 250; 59 S. C., 504; 66 S. C., 222; 60 S. C., 504; 64 S. C., 194; 61 S. C., 211; 51 S. C., 51; 60 S. C., 50; 17 Ency., 898.

January 22, 1906.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This is an appeal from an order of Judge Dantzler denying relator's application for a writ of mandamus to require respondent to pay over to relator certain amounts collected by him as fees, costs and commissions.

and to make and file certain monthly reports, as required by an act of the General Assembly, approved February 22, 1905.

Judge Dantzler held that so much of section 33 of said act as undertakes to provide for the compensation of the clerk of the Court for Oconee County is void, because violative of art. III., sec. 34, and for this reason denied the writ. From such decision the relator appeals.

The act in question is entitled "An act to fix the amount of compensation to be paid to the county officers of the various counties of the State," 24 Stat., 918. Sec. 33 of said act, providing for the salaries of the officers for Oconee County, contains this provision with reference to the compensation of the clerk of the Court: "Clerk of the Court, thirteen hundred and fifty dollars, payable monthly: *Provided,* That he shall collect all fees, costs and commissions due to him by virtue of his office and pay same over to the County Treasurer on monthly statements, verified by him, which shall be a part of the ordinary county funds."

The question is whether this claim in said act violates sec. 34, of art. III., of the Constitution, which declares: "The General Assembly of this State shall not enact local or special laws concerning any of the following subjects, or for any of the following purposes, to wit * * * X. To fix the amount or manner of compensation to be paid to any county officer, except that the laws may be so made as to grade the compensation in proportion to the population and necessary services required. XI. In all other cases where a general law can be made applicable, no special law shall be enacted. XII. The General Assembly shall forthwith enact general laws concerning said subjects for said purposes, which shall be uniform in their operations: *Provided,* That nothing contained in this section shall prohibit the General Assembly from enacting special provisions in general laws."

The manifest purpose of this provision of the Constitution is to uproot the great evil of local and special legislation. Ten subjects are therein enumerated (which includes the matter of compensation to be paid county officers, involved

in this case), as to which there is express inhibition of local or special legislation, and in order to further extend the inhibition, it is declared that there shall be no special law on any other subject where a general law can be made applicable. As to the ten expressly inhibited subjects of local or special legislation, the General Assembly is directed to enact general laws, subject, however, to the provision that such general laws shall be *uniform.* We understand that such uniformity must exist throughout the State as distinguished from a uniformity of operation within a county or other subdivision of the State, since the whole scheme of this article of the Constitution is to bring about as far as possible general laws operating with substantial uniformity throughout the State.

Then follows the somewhat perplexing proviso, "that nothing contained in this section shall prohibit the General Assembly from enacting special provisions in general laws." The difficulty is to harmonize the express inhibition of local or special legislation as to the enumerated subjects with the provision allowing special provisions in general laws and at the same time preserve uniformity of legislation with respect to the enumerated subjects. To reconcile these apparently conflicting ideas we must construe "special provisions in general laws" so as not to practically nullify the purpose to uproot local or special legislation as to certain subjects and to secure general laws thereon having uniform operation throughout the State. We understand the language, "special provisions in general laws," to mean provisions in general laws, which, while having a limited application, must not be so inconsistent with the general scheme or purpose of the statute as to prevent substantial uniformity of operation throughout the State. Such was the view of the Court as declared in *State* v. *Queen,* 62 S. C., 247, 251, 40 S. E., 553, wherein, Mr. Justice Gary, speaking for the Court, used this language in reference to this section of the Constitution: "The main object was to secure uniformity as to the subjects therein mentioned, and any legislation relating to those sub-

jects which substantially militates against uniformity must necessarily be declared unconstitutional."

In the case of *Grocery Company* v. *Burnett,* 61 S. C., 205, 211, 39 S. E., 381, this Court declared: "It may be regarded as settled that local or special statutes upon any of the ten enumerated subjects above will be declared void, and that the express prohibition of special legislation on said subjects shall not be practically annulled or evaded under any form or guise of legislation. *State* v. *Higgins,* 51 S. C., 51, 28 S. E., 15; *Dean* v. *Spartanburg,* 59 S. C., 110, 37 S. E., 236; *Nance* v. *Anderson County,* 60 S. C., 501, 39 S. E., 5." In the case of *Grocery Co.* v. *Burnett, supra,* and in the case of *Severance* v. *Murphy,* 67 S. C., 410, 46 S. E., 35, the Court considered the matter of special provisions in general laws in reference to subjects not among the ten inhibited, and as to such other subjects, there must necessarily be a wider range for legislative discretion. In *State* v. *Queen, supra,* there was an apparent attempt to make a general law with respect to one of the ten inhibited subjects of local or special legislation, and it is, therefore, more analogous to this case; but in *State* v. *Queen,* the statute exempted the county of Aiken wholly from its operation, and so failed to be a general law; but the Court held that even if the provisions of the statute objected to could be regarded as special provisions in a general law, they violated the principle of uniformity.

The act in question, considered as a whole, may be regarded as a general statute, as it operates throughout the State in providing compensation for the various county officers. The salaries or compensation provided are in the act declared to be graded in proportion to the population and necessary service required. With reference to clerks of the Court, the general scheme or purpose of the statute was to give said clerks salaries in lieu of fees, &c., chargeable against the respective counties as distinguished from fees, etc., which are payable by parties in civil cases, for recording, etc. In Abbeville County, for example, the salary of the clerk of the Court is fixed at $300, and in the county of Anderson

at $500:; but in Oconee County the salary is $1,320, in lieu of all fees, costs and commissions due him by virtue of his office, which he is required to collect and pay over to the county treasurer as ordinary county funds. No other clerk of Court is required to pay over to the county treasurer all his fees, etc., from whatever source derived. This provision as to Oconee County is wholly different from the general plan and purpose of the act, and violates the requirement as to uniformity. We, therefore, agree with the Circuit Court, that so much of section 33 of said act as is herein referred to is unconstitutional. But as it is the duty of the Court to sustain the validity of an act of the General Assembly in so far as it is possible to do so, we do not regard the vice in the particular clause under consideration as sufficient to destroy the whole statute, since it is separable from the other provisions of the statute relating to Oconee County and the other counties of the State.

The judgment of the Circuit Court is affirmed.