With the excellent circuit decree I am in entire accord except as to the disposition of the question of the constitutionality of Act No. 947 of 1938, approved May 9, 1938, which question is preserved here by defendant's Exception 1; and I agree with the conclusions below as to the various *Page 233 
grounds of attack except the one which was sustained, to wit, that the Act is invalid because it is in conflict with Subsection 9, Article III, Section 34, of the State Constitution, in that it is a special Act purportedly applicable where a general Act can be made applicable.
For reasons indicated in the decree, Act No. 760 passed at the same session of the General Assembly and approved on March 17, 1938, is unconstitutional and the question thereof is necessary in the consideration of this case. By its terms it provided that suits in the nature of this in certain counties only should be barred as to causes of action existing upon the date of its approval within a period of three months and as to similar causes of action arising subsequently to the approval of the Act, they would be barred after one year.
Then there came from the same General Assembly its Act No. 947, approved by the Governor on May 9, 1938, general and statewide in its title, terms and effect, except for the provisos hereinafter mentioned, that such existing causes of action should be barred in six months from its effective date and causes accruing after its approval in one year.
As pointed out in the decree, Act No. 947 contains a proviso at the end of Section 1 that it shall "not change or affect the provisions of" Act No. 760; and in the repealing clause is a similar provision, an exception to the usual general repeal being "any of the provisions of" Act No. 760.
Thus it will be noted that the only difference in the terms of the Acts is the period of limitation of actions upon existing causes, such being in the patently unconstitutional Act No. 760 three months, and in the subsequent Act No. 947 six months. The limitation upon suits upon causes of action accruing after the respective dates of approval is identical, to wit, one year. Thus the legislative intent to be gathered from the consideration of the two Acts of the same session of the same Legislature is that in the several counties only affected by the terms of Act No. 760 suits upon existing causes *Page 234 
should be barred in three months after its effective date and in all of the rest of the counties, affected by Act No. 947, such limitation should be six months. As to the limitation of actions upon causes accruing after approval of the Acts the provisions are the same, hence the intent which actuated the passage of these provisions is identical, that is to establish a limitation of one year.
In the circuit decree it was well reasoned in the consideration of the principle that the unconstitutional portion of a statute may be stricken out in certain cases, that the tests established by this Court in the decision of Gillespie v. Blackwell, 164 S.C. 115, 161 S.E., 869, were fully met as to those tests there numbered (1) and (3). However, it was held that test (2), that the striking out of the unconstitutional part shall not destroy the apparent intention of the Legislature, was not met; and it was concluded, mistakenly I think, that the legislative intention in the passage of Act No. 947 would be destroyed by the upholding of the Act with the provisos above referred to deleted. It is said that it must be assumed that in view of the twice repeated provisos by which it was attempted to preserve the terms of Act No. 760, that the Act, No. 947, would not have been adopted by the General Assembly without the inclusion of them. The result was the striking down of the Act as unconstitutional and the application of the six-year statute of limitations of the Code of 1932.
With that I cannot bring myself to agree because it seems to me that the consideration of the various periods of limitation above adverted to leads inevitably to the conclusion that the General Assembly would have passed Act No. 947 without the provisos, for such would have so much nearer expressed the intent evidenced by the two Acts than would the voiding of Act No. 947 and the resulting reversion to the six-year limitation. The ascertainment of the legislative course that would have been followed must be largely derived from this comparison of the respective results. *Page 235 
In this connection it should be remembered as a practical matter that the single difference attempted in the Acts, between six months and three months limitation on causes accrued at the respective effective dates, has by lapse of time long since become academic and was so at the time of the commencement of this action, hence the legislative intent evidenced by the provisos in Act No. 947 had run its course.
This is a very different factual situation from that ordinarily encountered and, I think, removed from this case the question of the constitutionality of the Act because of the provisos. The intended effectiveness of them had already come to an end by reason of their terms and the terms of the prior Act to which they referred.
Furthermore, the result here suggested is, I think, fortified by another pertinent consideration. The provisos in Act No. 947 refer to the preservation of the terms of the prior plainly unconstitutional Act No. 760, and were therefore a nullity; thus the provisos cannot be, and could not at any time have been, effective for any purpose; should they, then, be otherwise treated than ignored? And with them ignored, omitted from consideration, we have in No. 947 a complete and general Act, subject, as found by the Court below, to no other constitutional objection. Incidentally, it appears that the Act was originally so prepared, for the title refers to any (every) county, and the provisos were probably inserted as amendments during its course of passage. SeeStewart v. Woodmen of the World, 195 S.C. 365,11 S.E.2d 449.
In State v. Burns, 73 S.C. 194, 52 S.E., 960, this Court had under consideration an Act relating to the compensation of the Clerks of Court for the various counties, in which there was a proviso affecting only the Oconee clerk by which it was attempted to place him upon a basis of compensation entirely different from that of the clerks of the other counties. The proviso in question was held unconstitutional but it was said in the opinion that in view of the duty of the *Page 236 
Court to sustain the validity of an Act of the General Assembly insofar as it is possible to do so, the vice (the invalidity of the proviso) was not sufficient to destroy the whole law because it was separable from the other provisions of the statute. Here, as pointed out above, the provisos are perfectly separable from the other provisions of the statute, Act No. 947 of 1938, and also as pointed out above were meaningless from inception in view of the unconstitutionality of Act No. 760 of 1938, to which they refer, and meaningless at the time of the commencement of this action for the additional reason of the effect of lapse of time.
That this sound and well-established rule of construction, requiring the striking out of separable unconstitutional provisos in otherwise general statutes, under the conditions set forth in Gillespie v. Blackwell, supra, is not out of accord with the law upon the subject in other jurisdictions is shown by reference to Cooley's Constitutional Limitations, 8th Edition, Vol. 1, page 360, and 11 A.J., 834, et sequi. Constitutional portions of statutes were recently applied in the decisions of this Court, and unconstitutional provisions disregarded, in Townsend v. Richland County, 190 S.C. 270,2 S.E.2d 777, and Windham v. Pace, 192 S.C. 271,6 S.E.2d 270.
This Court and its predecessors have said over and over again that a statute, a solemn enactment of the General Assembly, will be held unconstitutional and therefore invalid only when it is so clearly violative of the terms of the Constitution that there is no reasonable doubt thereof; doubts, uncertainties, are resolved in favor of the constitutionality, validity, of legislative Acts. Townsend v. Richland County,supra, and authorities there cited.
MR. JUSTICE FISHBURNE concurs. *Page 237