7483

## BARFIELD v. STEVENS MERCANTILE CO.

1. CONSTITUTIONAL LAW—SPECIAL LEGISLATION—COTTON WEIGHER.— The act, 25 Stat., 137, providing for a cotton weigher at Bethune and Pickens Courthouse is special legislation and is in conflict with article III, section 34, subsection 11, of the Constitution.

2. IBID.—IBID.—JUDICIAL QUESTION.—Whether a general law can be made applicable where a special one is enacted is a judicial and not a legislative question.

3. HERE THE COTTON WEIGHER of Bethune cannot rest his election on the general statutes relating to cotton weighers, as he was not elected in the manner therein provided.

4. CONSTITUTIONAL LAW—COTTON WEIGHER.—Would a general law providing for a cotton weigher at all markets where cotton is sold in specified quantities and requiring all sellers and buyers of cotton to have it weighed by him, abridge the right of contract?

MR. JUSTICE GARY *dissents.*

Before GARY, J., Kershaw, September, 1909. Reversed.

Action by Sidney Barfield against Stevens Mercantile Co., William Hammond, Walter M. Stevens and John Clyburn. From judgment for plaintiff, defendants appeal.

*Messrs. E. D. Blakeney* and *F. J. Kirkland,* for appellant, cite: *The act does not prevent others from weighing cotton:* 62 Miss. 469. *If so construed, the act violates the due process clause of the Constitution:* 53 S. C., 259; 78 S. C., 445; 1 Tied. State & Fed. Con. of P. & P., 261; 160 Ill., 459; 141 Ill., 171. *The act is special legislation:* 82 S. C., 352; 51 S. C., 51; 61 S. C., 205.

*Messrs. McLaughlin* and *Tatum,* contra. Oral argument.

March 10, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Plaintiff claims to be a public cotton weigher at Bethune, in Kershaw county, S. C.,

under the act of February 2, 1906, 25 Stat, 137, entitled: "An act to provide for the election of a cotton weigher at Pickens courthouse and at Bethune, S. C., and to prescribe their duties, and fix their compensation," and seeks to enjoin defendants, who are merchants and cotton buyers, from interfering with plaintiff in the discharge of their duties as such public cotton weigher, and from weighing any cotton marketed at Bethune, S. C. It is not claimed that defendants interfere with plaintiff as cotton weigher in any .way, except that in the conduct of their business as merchants and cotton buyers, they weigh the cotton purchased by them without presenting it to be weighed by the plaintiff, thereby depriving him of the emoluments of his office.

Appellants contend, first, that the act mentioned is void as special legislation in conflict with article III, section 24, subdivision XI of the Constitution, forbidding the enactment of a special law where a general law can be made applicable.

It is contended that this does not present a judicial question, that it is wholly within the discretion of the legislature to determine whether a general law can be made applicable. This Court has not as yet finally determined the question, as will appear by reference to *Buist* v. *City Council,* 77, S. C., 273, 57 S. E., 862, and *Township Commissioner* v. *Buckley,* 82 S. C., 357. My views have been fully expressed in *Grocery Co.* v. *Burnet,* 61 S. C., 215, 39 S. E., 381, and *State* v. *Hammond,* 66 S. C., 219, 44 S. E., 797. In this last named case the Court was unanimous in affixing a judgment of the Circuit Court quashing a prosecution under a statute on the ground that it was special legislation. If the act was not subject to judicial review, there should have been a reversal. It seems very clear to me that whether a statute violates a mandatory provision of the Constitution is essentially a judicial question.

That a general statute can be made applicable is demonstrated by the fact that sections 1552, 1553, 1554 and 1555 of the general statutes, as amended by the act of February 24, 1906, 25 Stat., 140, are attempted to be made applicable throughout the State. We think the act of February 2, 1906, 25 Stat., 137, can not be construed as a special provision in a general law or as amending a general law, as there was no general law on the subject covering Kershaw county at the time of its enactment. The act of February 2, 1906, upon which plaintiff plants his right, is in terms and effect a special and local statute upon a matter as to which a general law clearly can be made applicable, and is, therefore, void. Nor can plaintiff maintain his case by referring his right to be public weigher in Kershaw county to the statutes, sec. 1552 *et seq.*, sought to be made general by act of February 24, 1906, as it appears he was not elected public weigher as required by such statutes.

The contention that the statute unduly abridges the constitutional right of the citizen in the conduct of his private business, to sell or buy cotton by private weighing, satisfactory to seller and buyer, is forceful and not without authority. The mere buying and selling of cotton and the weighing incidental thereto is not, strictly speaking, affected by a public use, as in the case of ferries, innkeepers, warehousemen, common carriers and the like, including the business of elevating grain having relation to transportation and storing, as in cases like *Budd* v. *New York*, 143 U. S., 517.

But it may be that the extensive cotton industry throughout this State, the bulk of the bales requiring strong and accurate scales not generally possessed, the custom to sell by weight alone, the tendency of bales of cotton to gain weight quickly when exposed to rain or moisture, requiring special knowledge and experience to make proper deduction for moisture, the advantage of having one to settle promptly

any dispute between buyer and seller as to the true weight, and the tendency to have dispute when either buyer or seller weighs upon his own scales, and the danger of fraud or imposition in private weight of such bulky merchandise, may have induced the particular legislation.

At any rate the statute is not so obviously beyond the police power and violative of private right as to warrant this Court in overthrowing it on these grounds.

*City Council v. Rogers,* 3d McCord, 495 ; *McLean* v. *State,* 126 Am. Stat. Rep., 1035, affirmed in 29 Sup. Ct. Rep., 370; *Peel Splint Coal Co.* v. *West Virginia,* 17 L. R. A., 385.

But if there be such public interest as distinguished from a public use as would uphold such legislation, if general, the argument against the statute as special and local is strengthened, for no reasonable ground can be suggested why such legislation can not be made general so as to apply to all markets in the State where cotton is sold to a specified extent. Is there any public reason why private weighing of cotton should be unlawful at Behtune, S. C., while perfectly lawful at other similar markets? See *State* v. *Hammond,* 66 S. C., 220, 44 S. E., 797.

The judgment of the Court is reversed.

MR. JUSTICE GARY *dissents.*