8982

TISDALE *ET AL.* v. SCARBOROUGH *ET AL.*

(83 S. E. 594.)

STATUTES. CONSTITUTIONAL LAW. ACT RELATING TO SALE OF COTTON SEED. SPECIAL LAW WHERE GENERAL LAW COULD BE MADE APPLICABLE.

1. CONSTITUTIONAL LAW—DETERMINATION OF QUESTION—SPECIAL LEGISLATION.—Whether, within Const. 1895, art. III, sec. 34, prohibiting special laws where a general law can be made applicable, a general law can be made applicable is not a question for the legislature, but one the Courts must decide.

2. STATUTES—SPECIAL PROVISIONS IN GENERAL LAWS.—Act February 17, 1912 (27 St. at Large, p. 700), and act of February 21 1913 (28 St. at Large, p. 37), prescribing how cotton seed shall be sold, but excepting from its application all but three of the counties of the State, are not general laws with "special provisions" therein, authorized by the proviso of Const. 1895, art. III, sec. 34, par. 12.

3. STATUTES—SPECIAL LEGISLATION—SALE OF COTTON SEED—APPLICABILITY OF GENERAL LAW.—A general law with respect to sale of cotton seed can be enacted, so that act February 17, 1912 (27 St. at Large, p. 700), and act February 21, 1913 (28 St. at Large, p. 37), prescribing how it shall be sold in three counties, contravenes Const. 1895, art. III, sec. 34.

Before SEASE, J., Bishopville, December, 1913. Affirmed.

Action by Edward B. Tisdale, B. B. Epps and Heath-Massey-Morrow Co., citizens and residents of Lee county, to enjoin Robert B. Scarborough and Hartwell G. Crosswell, claiming to be public cotton seed weighers at Bishopville, S. C., from interfering with the plaintiffs in the conduct of their business. From an order granting a permanent injunction, the defendants appeal.

The General Assembly, in 1912, passed an act entitled "An act to provide for weighers of cotton seed." 27 Stats. 700. This act created the office of public cotton seed weighers and defined their powers and duties, and in addition thereto, made it a crime for any person to weigh certain cotton seed who was not a public weigher. This act exempted forty-one counties from its provisions, among which exemptions was the county of Lee.

In 1913, the General Assembly passed another act amending this act (28 Stats. 37), the amendment being the striking out of Lee county from the exemptions and inserting Orangeburg county in the exemptions, the effect of which was that the original act was made applicable to Lee county and inapplicable to Orangeburg county.

Under said act as amended, the appellants were elected cotton seed weighers for Bishopville, and during the begin-

ning of the season undertook to perform their duties, claiming the rights to weigh all cotton seed brought to Bishopville for market, except, of course, that which they had no right to weigh by the terms of the act.

The respondents are cotton seed buyers, at Bishopville, and treating the above named act as unconstitutional and void, they refused to permit the seed bought by them to be weighed by the appellants, on the ground that they had no right to interfere with the respondents in the weighing of their seed purchased, the result of which was that the appellants had the respondents arrested, under the criminal provision of the act, convicted and fined and demanded that all cotton seed brought to Bishopville be weighed by them, which controversy resulted in a general confusion and disturbance of the cotton seed market at Bishopville. The respondents, therefore, brought this action, alleging the above ·facts along with many others, and alleging that the aforesaid acts are unconstitutional, and prayed for an injunction against the appellants from enforcing its provisions, and procuring from the Court a temporary injunction upon their complaint.

The answer of the apellants, while denying a number of the allegations of the complaint, practically raised only one issue, to wit: The constitutionality of the above stated acts. When the cause came up for hearing, counsel argued that the cause should be determined upon the constitutionality of the legislation in question, it being manifest that if the acts were unconstitutional, the plaintiffs were entitled· to the relief sought; and if the acts were constitutional, the complaint should be dismissed. The Circuit Judge held that the acts in question were special and local upon a subject which a general law could apply, and held that they were unconstitutional, and made the temporary injunction permanent.

*Messrs. Ruffin & McGowan,* for apellants, submit: *Acts in question not special legislation:* Cooley Const. Lim. (7th ed.) 555 and 556; 86 S. C. 94; 67 S. E. 1070; 74 S. C. 207; 54 S. E. 363; 101 U. S. 989. *Distinguished:* 59 S. C. 114; 60 S. C. 504; 61 S. C. 205. *Applicability of general law a question of fact:* 85 S. C. 186. *No rule of law by which Court can determine whether existing condition justify a general law:* 66 S. C. 229; 44 S. E. 790; 94 U. S. 113; 15 A. and E. Enc. of L. 978; 173 U. S. 526; 21 S. C. 292; 33 S. C. 56; 77 S. C. 260; 7 Am. St. Rep. 17; 1 Kan. 178; 81 Am. Dec. 503; 66 Pac. 355; 9 Pac. 353; 77 S. W. 24; 50 Mo. 317; 11 Am. Rep. 415; 47 N. E. 529; 46 S. E. 649.

*Messrs. R. W. McLendon* and *Thos. H. Tatum,* for respondent, cite: 85 S. C. 186; 59 S. C. 114; 60 S. C. 504; 61 S. C. 212; 66 S. C. 221; *Ib.* 300, 301. *Judicial notice as aid in determining constitutionality of statute:* 16 Cyc. 869, 873; 23 S. C. L. 171; 14 L. R. A. 566, 571; 66 S. C. 219. *Distinguished:* 86 S. C. 94, and 74 S. C. 207.

November 19, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal involves only one issue, and that of law.

That issue is, do the acts found in 27 Stats. 700, No. 401, and in 28 Stats. 37, No. 32, violate section 34, article III of the Constitution of 1895.

That section *inter alia* prohibits the General Assembly to enact special laws in cases where a general law can be made applicable.

The first act, in effect, undertook to prescribe how cotton seed should be sold in Chester, Lancaster and Orangeburg.

The second act undertook to exclude therefrom Orangeburg, and to add thereto Lee.

This appeal comes from Lee; the Circuit Court there held the law to be repugnant to the Constitution.

We are of the opinion that the Court was right.

The appellant's initial contention is, that the General Assembly, and not the Courts, must judge if a general law can be made applicable.

There is good authority for that view; the issue is one upon which opinion in this State has not been uniform; but it has now been settled that the Courts must judge that issue. *Barfield* v *Mercantile Co.,* 85 S. C. 186, 67 S. E. 158, 24 L. R. A. (N. S.) 750n, and cases cited.

There was a proximate reason for section 34, and that reason is manifest from the tenth paragraph of the section. The eight subjects named in succession by the section, are those of common yet formal interest; they demand frequent action by the General Assembly, and they are susceptible of a common and uniform rule.

The Constitution, therefore, made it the duty of the General Assembly to enact such a law that these subjects might by formal action range themselves under its provisions.

Thereby a better law would be enacted, and thereby the State would be saved the expense of a multiplicity of acts on one subject.

The statutes in question may be justified under the proviso of paragraph 10; it was wisely suggested in *Dean* v. *Spartanburg,* 59 S. C. 113, 37 S. E. 226, that a proviso would not be so construed as to nullify the body of the law. The Constitution refers to "general laws" and "special laws," and "special provisions in general laws."

But the last is not a class by itself; it is only the part of a general law. If the law be general, then without the proviso, a special provision or any other lawful provision, may be written into it. The proviso was added as an amendment to paragraph ten; but it in no way broadened its meaning.

Whatever it may take to constitute a law general, the statutes in issue are not of that character; they may have the

form, but they have not the spirit. But there was a profounder reason for the section; it is not arbitrary; its object was fundamental, and was to nearly secure the active judgment of all the members of the General Assembly upon every enactment.

There had grown up in the General Assemblies of the entire Union a disposition for legislation by delegation. That kind of legislation was deemed pernicious; it lacked the settled consideration and consent of the lawmaking body; it evaded State-wide responsibility; it encouraged local activity; it discouraged the attrition of minds, and the consideration of those problems which make for a wise public policy.

The ninth paragraph was the fruit of this large conviction of the convention.

Cotton, and that includes its seed, is the staple product of the State and the South; in this year of grace the frightful collapse of its price, incident to a well nigh universal war, has shocked two continents; the whole policy of the State is bound up in the growing, the sale and the manufacture of cotton.

In full view of this truth, it is so plain that he who runs may read, that a general law with reference to the sale of cotton seed can be enacted; a special law thereabout in force in three counties is in manifest violation of the fundamental law.

The judgment below is affirmed.