9068

THOMAS v. SPARTANBURG RY., GAS & ELECTRIC CO.

(85 S. E. 50.)

STATUTES.  CONSTITUTIONAL LAW.  DUE PROCESS.  SPECIAL LEGISLATION.

1. STATUTES—SPECIAL LEGISLATION—CONSTITUTIONAL LAW.—The legislative judgment in determining whether a general law can be made applicable must be given due consideration, and should not be overruled by the Courts if predicated upon any reasonable hypothesis.

2. Constitutional Law—Encroachment on Legislature—Judicial Authority.—While it is primarily for the legislature to decide whether a general law can be made applicable, it is ultimately a judicial question.

3. Constitutional Law — Statutes — Presumptions. — In determining whether a general law can be made applicable, the Court will indulge every reasonable presumption and solve every reasonable doubt in favor of its validity.

4. Statutes—Special Laws—Classification.—Civil Code 1912, sec. 3950, requiring cars operating north of a line ten miles north of and parallel to the thirty-first meridian to be equipped with fenders, is not based upon arbitrary classification within Const., art. III, sec. 34, subd. 9, forbidding the enactment of special laws where general laws are applicable, when construed with reference to climatic conditions and the nature of the country.

5. Constitutional Law—Railroads—Equal Protection of Laws—Regulation of Railroads.—Civil Code 1912, sec. 3950, requiring cars operating north of a line ten miles north of and parallel to the thirty-first meridian to be equipped with fenders, is not unconstitutional. as denying the equal protection of the laws.

6. Constitutional Law — Equal Protection — Classification. — The classification made by a statute need not be one of mathematical precision, nor need it result in perfect equality; it being sufficient if it is reasonable in its main features.

Before Shipp, J., Spartanburg, Spring term, 1914. Reversed.

Action by A. J. Thomas against Spartanburg Railway, Gas & Electric Company and South Carolina Light, Power & Railways Company. From an order sustaining a demurrer and dismissing complaint, the plaintiff appeals. The facts are stated in the opinion.

*Messrs. Gwynn & Hannon,* for appellant.

*Messrs. Sanders & DePass,* for respondent.

April 16, 1915.
The opinion of the Court was delivered by Mr. Justice Hydrick.

Footnote.—As to validity of statutes requiring street cars equipped with fenders, see note in Ann. Cas. 1912b, 846; with vestibules and other conveniences, Ann. Cas 1914d, 846.

This action was brought to recover the penalties provided in section 3949 of the Civil Code for the failure of defendant to provide its cars with fenders, as required by section 3950.

By demurrer to the complaint, defendant attacked the constitutionality of the statute on two grounds: 1. That it denies to it the equal protection of the laws; and, 2. That it contravenes subdivision 9 of section 34 of article III of the Constitution, which provides that "where a general law can be made applicable, no special law shall be enacted." The first ground was overruled, but the Court held the statute void on the second ground, saying "there is no good reason why the legislature should require fenders to be placed upon cars operated north of a line ten miles north of and parallel to the thirty-fourth meridian."

After some diversity of opinion, it has been definitely settled that, while it is primarily for the legislature to decide whether a general law can be made applicable, just as it decides its constitutional power to enact all statutes, it is, nevertheless, ultimately a judicial question *Barfield* v. *Mercantile Co.,* 85 S. C. 186, 67 S. E. 158; *Tisdale* v. *Scarborough,* 99 S. C. 366, 83 S. E. 594. But, in solving the question, the Court will indulge every reasonable presumption and solve every reasonable doubt in favor of the statute. *State* v. *Hammond,* 66 S. C. 225, 44 S. E. 797; *Commissioners* v. *Buckley,* 82 S. C. 357, 64 S. E. 163. This is a well settled and universally recognized rule upon which Courts proceed in testing the constitutionality of a statute. In Hammond's case, Mr. Justice Jones said: "In determining whether a general law can be made applicable, the judiciary should indulge every presumption in favor of the legislative act, and so it should be presumed that the legislature by the special or local enactment thereby declared its view that the general law could not be made applicable. This conclusion, however, being to some extent at least a question of law, would no more bind the judicial department in enforcing a

constitutional limitation than the legislative determination that a statute is constitutional, which is presumptively involved in the passage of every statute." * * * "But the applicability of a general law is not simply a question of fact, it involves matter of law; and it is not intended by this Court now to assert that when the legislature has said that a general law cannot be made applicable, that such conclusion may be controverted by any evidence outside of what appears upon the face of the statute, and upon such matters as to which a Court must take judicial cognizance. Courts will take judicial notice of the division of the State into counties, their names, their locations with respect to each other, population as shown by the United States census, the prominent geographical features of the country, the principal watercourses and their nature and location, matters of common knowledge and experience in respect to science and the ordinary operation of the forces of nature. It should be further stated that the Court should not declare a statute unconstitutional unless the invalidity is manifest beyond a reasonable doubt." In *State* v. *Burns,* 73 S. C. 197, 52 S. E. 960, the same learned justice, speaking for the Court, said with regard to special provisions in general laws (which are permitted by the proviso to subdivision 10 of the same section in reference to subjects not among those as to which special or local laws are expressly prohibited in the preceding subdivisions), that, as to these, there must necessarily be a wider range for legislative discretion. For the same reason, the legislative judgment in determining whether a general law can be made applicable must be given due consideration; and, a proper respect for a co-ordinate branch of the government requires that, when the legislature has, by the enactment of a special law, in effect, declared that a general law cannot be made applicable, its decision should not be overruled by the Courts, if there is any reasonable hypothesis upon which that decision can be predicated. In other words, if circum-

stances and conditions may exist under which the matter becomes one about which reasonable minds may differ, the Court will not undertake to "run a race of opinions upon points of right, reason and expediency with the lawmaking power." Cooley Const. Lim. 236. The same principle is applied in determining the validity of classifications made by the legislature in the exercise of the police power. Examination of the decisions of this Court in which statutes have been held to violate this inhibition of the Constitution will show that they are based upon the ground that there was no reason at all why a general law could not have been made applicable, or because they were special, notwithstanding there was already upon the statute books a general law applicable to the subject, which, of course, was, in effect, a declaration by the legislature that a general law could be made applicable.

Applying these principles to the case in hand, it cannot be said that the classification made by the statute is wholly unfounded in reason. No doubt, at some places on and near the meridian by which the State is divided, the conditions and circumstances existing north and south of it are precisely the same. But every classification is almost necessarily arbitrary in some of its features. It is not necessary to the validity of a classification that it should be made with mathematical precision, or that, in operation and effect, it should result in perfect equality. It does not offend, if, in its main features, it is reasonable.

We know that climatic conditions in the Piedmont section of the State are very different from those which prevail in the lower part, and that the difference becomes more accentuated as we get further from the dividing line made by the statute. This difference in climate may require that cars operated in that part of the State should be provided with vestibules for the protection of the motormen, while these would be unnecessary in the milder climate of places south of that line. Where vestibules are necessary, there is good

reason for requiring the use of fenders, because the glass in the vestibules, especially when clouded by moisture congealed on it, and the framework which supports it obstruct to some extent the view of the motormen, and increase the danger of collisions, and the fenders lessen the danger of injury in case of collisions.

Another reason why the legislature may have thought it wise to require cars operated in the upper part of the State to be provided with fenders is that, the ground being more hilly, there are more steep grades and sharp curves in the railroads of that section than in those of the level low country. Other considerations may suggest themselves, but these are enough to show that the classification is not wholly arbitrary.

What has already been said applies with equal force to the first ground of demurrer. *Lindsley* v. *National Carbonic Gas Co.,* 220 U. S. 61, 31 Sup. Ct. Rep. 337, 55 L. Ed. 369; *Barrett* v. *Indiana,* 229 U. S. 26, 33 Sup. Ct. Rep. 692, 57 L. Ed. 1053; *Miller* v. *Wilson,* 35 Sup. Ct. Rep. 342, 236 U. S. 373.

Judgment reversed.