## THOMAS v. FOSTER, TREASURER.

### (93 S. E. 397.)

LICENSES—POOL HALL—STATUTE—CONSTITUTIONALITY.—Civ. Code 1912, sec. 3431, requiring every person operating any pool or billiard table outside of an incorporated city or town to pay an annual license fee, is not unconstitutional; it being an appropriate exercise of the police power of the State.

Before MAULDIN, J., Greenville, September, 1916. Reversed.

Action by C. B. Thomas against J. A. Foster, Treasurer, etc. Judgment for plaintiff, and defendant appeals.

*Mr. E. M. Blythe,* for appellant, cites: 21 S. C. 292; 63 S. C. 425; 165 U. S. 150; 142 U. S. 339; 199 U. S. 89; 66 S. C. 37; 63 S. C. 169; 79 S. C. 519; 73 S. C. 71.

*Messrs. Ansel & Harris,* for respondent, cites: 21 S. C. 294; Dillon Munc. Corp. 357; 91 N. C. 554; 25 Minn. 248; 151 Ky. 389; 30 S. C. 366; 129 Am. St. Rep. 238.

September 5, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Section 3431, Civil Code 1912, requires every person operating any pool or billiard table outside of an incorporated city or town to pay an annual license of $100 to be turned into the school fund of the county. The act does not apply where tables are not operated for gain. Failure to pay the license is penalized by section 319 of the Criminal Code. Plaintiff paid the license under protest, and brought this action, under section 461 of the Civil Code, to recover it back, alleging that the license was illegally exacted, because the statute is unconstitutional. The Circuit Court

sustained his contention, and gave judgment accordingly. The county treasurer appealed.

The cases of *State v. Berlin*, 21 S. C. 292, 53 Am. Rep. 677, and *Thomas v. Ry.*, 100 S. C. 478, 85 S. E. 50, decide the objections made by plaintiff to the validity of the statute against him, and show that the Court erred in holding it unconstitutional.

The act of 1914 (28 St. at Large, p. 570), excepting certain counties from the operation of section 3431, cannot affect plaintiff's case, because, if the act of 1914 is valid, the case of *State v. Berlin* shows that making the law apply only in certain parts of the State does not make it unconstitutional; if it is invalid, on the ground that it makes section 3431 a local or special law, in violation of subdivision 9, section 34, art. III, of the Constitution, of course, it would have no effect on that section. Section 3431 is clearly within the police power of the State. It deals with a business potential of evil. Playing pool and billiards is fraught with some danger of the morals of those who play, even when the playing is done under the most favorable surroundings in the atmosphere and under the restraining influence of the home, or in the privacy of the clubroom. The danger is greatly increased when the playing is done at a public resort, where all who can pay the price are at liberty to come and play. There is more danger of playing at such places leading to gambling and other vices. The legislature might have prohibited playing at such places altogether. *State v. Berlin, supra.* The right to prohibit includes the lesser measure of regulation provided for by license under the statute.

There is material difference between the conditions surrounding such resorts in rural communities and in cities and towns. In the latter, they may be visited and supervised by police, which is not so practicable, when they are in the country.

When the playing is for social purposes only and without charge, there is not so much temptation to bet on the result of the game as there is when the use of the table is to be paid for, which is usually done by the loser, and that is practically betting on the result of the game. These and other reasons that might be suggested afford ample and reasonable grounds for the classifications and discriminations made by the statute. But, as all who are similarly situated fare alike under the law, no one has just ground to complain.

Judgment reversed.