### SULLIVAN v. CITY COUNCIL OF CHARLESTON

#### (130 S. E., 876)

1. STATUTES—ACT AUTHORIZING CITY TO ISSUE CERTIFICATES OF IN-DEBTEDNESS HELD NOT SPECIAL LAW, WHERE GENERAL LAW COULD HAVE BEEN MADE APPLICABLE.—Act March 14, 1925 (34 St. at Large, p. 659), authorizing city to issue certificates of indebtedness, evidencing amounts for past-due and unpaid taxes, and sell same, *held* not special law, where general law could have been made applicable in violation of Const. Art. 3, § 34, subd. 9.

2. MUNICIPAL CORPORATIONS—ACT AUTHORIZING ISSUANCE OF CERTIFI-CATES OF INDEBTEDNESS HELD NOT TO CREATE NEW INDEBTEDNESS WITHOUT ELECTION OR IN EXCESS OF LIMIT.—Act March 14, 1925 (34 St. at Large, p. 659), authorizing city to issue certificates of indebtedness, evidencing amounts of past-due and unpaid taxes, *held* not to create new indebtedness without petition and election in violation of Const. Art. 2, § 13, or in excess of limit prescribed by Article 8, § 7.

Original application by Lucy C. Sullivan for an injunction against the City Council of Charleston. Injunction refused, and petition dismissed.

The Act and ordinance directed to be reported were as follows:

AN ACT—*To authorize the City Council of Charleston, Charleston County, South Carolina, to issue certificates evidencing the indebtedness due to the said City Council of Charleston for taxes due and unpaid by taxpayers of the City of Charleston, South Carolina, and to sell, hypothecate or pledge said certificates and upon such sale, hypothecation or pledge to assign the same and in the name of the City of Charleston to guarantee the payment thereof.*

SECTION 1. Be it enacted by the General Assembly of the State of South Carolina: The City Council of Charles-

ton, Charleston County, is hereby authorized and empowered from time to time to issue its certificates evidencing the amount of taxes or portions thereof which may have been levied against property in the City of Charleston, Charleston County, South Carolina, and which are past due and unpaid, and to sell, hypothecate or pledge said certificates, and upon such sale, hypothecation or pledge to assign the same and to guarantee in the name of the City Council of Charleston to the holder thereof the payment of the indebtedness evidenced thereby, at a place and time designated in such guarantee; provided, however, that when the taxes evidenced by said certificates are collected they shall be applied solely to the retirement of the same until all of said certificates are retired in full; and provided, further, that in the event at any time sufficient of the said due and unpaid taxes have not been collected to meet the payment, to the holder of such certificates, of the amount which is to be paid under the guarantee endorsed on said certificates at the time such guarantee provides for payment, the City Council of Charleston shall forthwith levy and collect a tax upon all taxable property in the City of Charleston, which, added to the collections made on such due and unpaid taxes, will make a sum sufficient to meet the payment of the amount due on the certificates then maturing; such certificates shall have attached to them interest coupons certifying that the City Council of Charleston will pay to the holder thereof the amount of interest therein stated, which interest shall be fixed by City Council in the ordinance authorizing the issuance of said certificates, and to meet the payment of said interest there shall be included in the general tax levy of each year in which such interest is due, as a part of the ordinary expenses of City Council, a sufficient tax to meet the payment thereof. The guarantee of City Council endorsed on said certificates shall provide the date on which the holder of said certificates may require payment thereof, and such time shall be fixed

as in the opinion of City Council. it is probable that the collection of said due and unpaid taxes will enable the same to be paid.   The certificates and the guarantee and assignment endorsed thereon shall be signed, respectively, by the Mayor and City Treasurer and attested by the Clerk of Council under the seal of the City of Charleston, and the interest coupons attached to said certificates shall be signed with the *facsimile* signature of City Treasurer lithographed or engraved thereon.

SECTION 2.   This Act shall take effect immediately upon its approval by the Governor.

Approved the 14th day of March, 1925.

THOS. G. McLEOD,<br>
· *Governor.*

## AN ORDINANCE

*To Authorize the Issuance by the City Council of Charleston of Certificates Evidencing Indebtedness Due to the said City Council of Charleston for Taxes Due and Unpaid by Taxpayers of the City of Charleston, S. C., and to Sell said Certificates, and upon such Sale to Assign the same and in the Name of the City Council of Charleston to Guarantee the Payment Thereof.*

*Whereas,* under an Act of the General Assembly of the State of South Carolina, entitled "An Act to authorize the City Council of Charleston, Charleston County, South Carolina, to issue certificates evidencing the indebtedness due to the said City Council of Charleston for taxes due and unpaid by taxpayers of the City of Charleston, South Carolina, and to sell, hypothecate or pledge said certificates and upon such sale, hypothecation or pledge to assign the same and in the name of the City of Charleston to guarantee the payment thereof," approved the 14th day of March, 1925, the City Council of Charleston was authorized and empowered from time to time to issue its certificates evidencing the amount of taxes or portions thereof which may have been levied against property in the City of Charleston,

Charleston County, South Carolina, and which are past due and unpaid, and to sell, hypothecate or pledge said certificates and upon such sale, hypothecation or pledge to assign the same and to guarantee in the name of the City Council of Charleston to the holder thereof the payment of the indebtedness evidenced thereby, at a place and time designate in such guarantee, and

*Whereas,* there are now past due and unpaid taxes which have been levied against property in the City of Charleston, County of Charleston, South Carolina, as follows:

| | |
|---|---|
| For the year 1921 .....................·.....$ 33,173.93 |
| For the year 1922 ...................... 40,410.61 |
| For the year 1923 ...................... 83,128.65 |
| For the year 1924 ...................... 171,281.43 |

Total .........................·.........$327,994.62

*And, Whereas,* under the provisions of said Act City Council of Charleston desires to issue certificates to the amount of One Hundred and Fifty Thousand ($150,000-.00) Dollars, evidencing said indebtedness.

*Now, Therefore, be it ordained by the Mayor and Aldermen of Charleston, in City Council assembled:*

Section 1.   That there are now past due and unpaid taxes which have been levied against property in the City of Charleston amounting to the sum of $327,994.62, being the unpaid portion of the taxes levied in the years 1921, $33,173.93; 1922, $40,410.61; 1923, $83,128.65; 1924, $171,281.43.

Sec. 2.   That the City of Charleston do issue and sell its certificates of indebtedness to the amount of $150,000, representing part of the money due to the City Council of Charleston by property owners in the City of Charleston for due and unpaid taxes levied in the years 1921, 1922, 1923, 1924, which said certificates of indebtedness shall be in denominations of $1,000 each, numbered from 1 to 150, inclusive, shall bear date the 10th day of June, 1925, shall

carry interest at the rate of four and one-half (4½) per
cent per annum, payable semiannually from their date, shall
be payable at the office of City Treasurer, Charleston, S. C.,
or if desired by purchaser, at a bank in the City of New
York, N. Y., and shall be payable and redeemable in annual
series as follows: $25,000.00 on the 10th day of June of ·
each· year, the first of which series shall be payable on the
said date in the year 1926, and the last of which series on
the said date in the year 1931.  The said certificates shall
have attached to them interest coupons certifying that the
City Council of Charleston will pay to the holder thereof
the amount of interest due on such interest paying date.
The said certificate and the assignment and guarantee en-
dorsed thereon hereinafter provided shall be signed, re-
spectivly, by the Mayor and City Treasurer and attested
by the Clerk of Council under the seal of the City of
Charleston, and the interest coupons attached to said cer-
tificates shall be signed with the *facsimile* signature of City
Treasurer lithographed or engraved thereon.

Before delivery of said certificates to the purchaser an
assignment thereof to bearer shall be endorsed thereon, and
such assignment shall contain the guarantee of the City
Council of Charleston of the payment of the indebtedness
evidenced thereby at the time and place hereinabove pro-
vided.

SEC. 3.   The due and unpaid taxes evidenced by said
certificates when collected shall be applied solely to the re-
tirement of the same until all of said certificates are retired
in full, provided that in the event at any time sufficient of
the said due and unpaid taxes have not been collected to
meet the payment to the holder or holders of such certifi-
cates, of the amount which is to be paid under the guarantee
endorsed on said certificates at the time such guarantee pro-
vides for payment, the City Council of Charleston shall
forthwith levy and collect a tax upon all taxable property
in the City of Charleston, which, added to the collections

made on such due and unpaid taxes, will make a sum sufficient to meet the payment of the amount due on the certificates then maturing. Provided, further, that to meet the payment of the interest due on said certificates when the same is payable, there shall be included in the general tax levy of each year for the City of Charleston in which such interest is due, as a part of the ordinary expenses of City Council, a sufficient tax to meet the payment thereof.

SEC. 4. That the form of the certificates, coupons and assignment and guarantee shall be substantially as follows:

FORM OF CERTIFICATE,

*STATE OF SOUTH CAROLINA,*

*County of Charleston,*

CERTIFICATE OF INDEBTEDNESS

Number............                    $1,000.00

*This is to Certify,* That there is due to the City Council of Charleston, Charleston County, South Carolina, the sum of:

ONE THOUSAND DOLLARS

being part of the due and unpaid taxes upon property in the City of Charleston levied in the years 1921, 1922, 1923, 1924, the total of which amounts to the sum of $327,994.62.

This certificates is issued under and by virtue of the authority of an Act of the General Assembly of the State of South Carolina entitled "An Act to authorize the City Council of Charleston, Charleston County, South Carolina, to issue certificates evidencing the indebtedness due to the said City Council of Charleston for taxes due and unpaid by taxpayers of the City of Charleston, South Carolina, and to sell, hypothecate or pledge said certificates, and upon such sale, hypothecation or pledge to assign the same and in the name of the City of Charleston to guarantee the payment thereof," approved March 14, 1925, and of an Ordinance of the City Council of Charleston ratified the.......
day of .................., 1925.

It is hereby certified and recited that pursuant to said Ordinance of City Council certificates of indebtedness of like date, tenor and amount numbered from 1 to .... have been issued by the City Council of Charleston, and that the total amount of said certificates does not exceed the amount now due to the City Council of Charleston for such due and unpaid taxes. That said due and unpaid taxes when collected will be kept in a separate fund and be applied solely to the retirement of said certificates. That provision has been made in the event said collections are not sufficient to so retire said certificates, for the forthwith levying and collection of a tax upon all taxable property in the City of Charleston, which, added to the collections made on such due and unpaid taxes will make a sum sufficient to meet the payment of the certificates to be retired at that time. That provision has been made for the including in the general tax levy of each year in the City of Charleston, of a tax sufficient to meet the interest payments due on said certificates.

*In Witness Whereof,* The said, the City Council of Charleston has caused this certificate to be signed by the Mayor and City Treasurer and attested by the Clerk of Council under the Seal of the City of Charleston and the annexed interest coupons to be signed with the *facsimile* signature of said City Treasurer as of the ........ day of ............, A. D. 1925.

Attest:

...........................

*Clerk of Council.*

...........................

*Mayor.*

...........................

*City Treasurer.*

FORM OF COUPON

No................                    $..............

This is to certify that the City Council of Charleston on

the ...... day of .........., 192.., will pay to the holder hereof at ........................ Bank in the City of New York, N. Y., the sum of $............... being interest due that day on its certificate of indebtedness, dated as of the .... day of ..........., 1925, No............

.................................

*City Treasurer.*

### ASSIGNMENT AND GUARANTEE

For value received the City Council of Charleston, Charleston County, South Carolina, does hereby sell, assign, transfer and set over unto bearer this certificate and the indebtedness represented thereby, together with the interest coupons thereto attached and does hereby guarantee to the holder hereof the payment of such holder of the said sum of One Thousand Dollars on the .... day of ..........., 19.., at the .................... Bank in the City of New York, N. Y., with interest thereon as and when the same becomes due, as evidenced by the interest coupons attached.

*Messrs. Nathans & Williams,* for petitioner, cite: *Certificates of indebtedness authorized:* Const. of 1895, Art. X, Sec. 17; Civ. Code 1922, Sec. 4506, as amended Acts, 1923, page 206. *City's liability on certificates of indebtedness contingent:* 103 S. C., 10; 100 S. C., 478; 116 S. E., 277. *Special laws:* Const. 1895, Art. III, Sec. 34, Subsection IX. *No inherent right to issue certificates of indebtedness:* 73 S. C., 83. *Right of City to contract debts:* Const. of 1895, Art. VIII, Sec. 7; Civ. Code 1922, Sec. 4644; Const. 1895, Art. II, Sec. 13. *Meaning of "bonded debt":* 113 S. C., 407; 73 S. C., 83. *Bonded indebtedness limited:* Const. 1895, Art. VIII, Sec. 7.

*Mr. John I. Cosgrove,* for respondent, cites: *Law presumed constitutional:* 100 S. C., 478. *Law must be construed in connection with Constitution:* 105 S. C., 357. *Special laws:* Const. 1895, Art. III, Sec. 34, Subsection II.

*Prerequisites to bonding city:* Const. 1895, Art. II. Sec. 13. *Bonded indebtedness limited:* Const. 1895, Art. VIII, Sec. 7.

November 24, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The City Council of Charleston, which is the corporate name of the City of Charleston, has on its books a large amount of uncollected taxes levied in the years 1921, 1922, 1923, and 1924, aggregating over $300,000.00. It is evident that the municipality is having difficulty in collecting these past-due and unpaid taxes; otherwise it would not be necessary for it to resort to the expediency of this attempted issuance of certificates of indebtedness representing a portion of such past-due and unpaid taxes. In the petition for injunction it is alleged that the greater portion of them are uncollectible, but further investigation has satisfied us that, as the issue is only in the amount of $150,000.00, the City will be able to eventually collect that amount.

In order to enable the issuance of these certificates, the General Assembly of the State of South Carolina, by the Act approved March 14, 1925 (34 St. at Large, page 659), authorized the City Council of Charleston to issue certificates of indebtedness evidencing the amounts due for past-due and unpaid taxes and to sell the same, and in the name of the municipality guarantee the payment of the same when due; and, in the event sufficient of the taxes to meet such payment had not been collected at that time, then a special levy was to be made to supply the deficiency; and in any event an annual levy was to be made to raise the amount necessary to pay the interest on these certificates as a part of the ordinary expenses of City Council. An ordinance was passed by the City Council pursuant to said Act, and certificates to the amount of $150,000.00 are about to be issued.

Against this issue, the petitioner, as a taxpayer in the City of Charleston, seeks an injunction on the grounds of the constitutional violations set forth in the petition.    The grounds, five in number, raise three questions:

> (1) Is the Act a special law where a general law could have been made applicable, in violation of Article 3, § 34, Subdivision 9?

> (2) Does the issuance of these certificates create a new indebtedness, without petition and election, in violation of Article 2, § 13, and Article 8, § 7?

(3) If it does create such new indebtedness, is it one which would be considered as a debt to be included in the 8 per cent. constitutional limitation, the City of Charleston having now outstanding indebtedness which exceeds 8 per cent. of the assessed value of its taxable property?

The contention of the petitioner is untenable under *Thomas v. Spartanburg Railway, Gas & Electric Co.,* 100 S. C., 478; 85 S. E., 50. *City of Columbia v. Smith,* 105 S. C., 357; 89 S. E., 1028, and *Barnwell v. Matthews et al.,* 132 S. C., 313; 128 S. E., 712.

The injunction is refused, and petition dismissed.

Mr. Justice Marion, Mr. Acting Associate Justice R. O. Purdy, and Messrs. Circuit Judges Sease, Shipp, Featherstone, Wilson, DeVore, Henry, Dennis, Johnson, Rice, Mauldin, and Mr. Wm. H. Grimball, Special Circuit Judge, concur.

Mr. Justice Cothran (dissenting): I dissent from the conclusion announced in the opinion of Mr. Justice Watts in this case, being of opinion that the prayer for injunction should be granted.

The peitioner seeks to enjoin the issue of certain certificates of indebtedness claimed to be authorized under the Act of March 14, 1925 (34 St. at Large, page 659), and an ordinance of the City Council of Charleston passed June 9, 1925.

It appears that there are on the books of the City Council

past-due and unpaid taxes, duly levied upon property in the City, for the years 1921, 1922, 1923, and 1924, amounting to $327,994.62 as follows:

| | |
|---|---:|
| 1921 | $ 33,173.93 |
| 1922 | 40,410.61 |
| 1923 | 83,128.65 |
| 1924 | 171,281.43 |
| Total | $327,994.62 |

The Act of 1925 purports to authorize the City Council to issue certificates evidencing the amount of said unpaid taxes and to guarantee the payment of the indebtedness evidenced thereby, with interest, the unpaid taxes when collected to be applied to the retirement of the certificates. The Act also provides for the levy of a sufficient tax to supplement said collection if needed to retire the certificates as they may mature with interest.

The ordinance adopted in pursuance of the Act authorized the provisions of the Act. Let the Act and ordinance be incorporated in the report of the case.

It is conceded that, unless the authority to issue the certificates can be sustained under the Act of 1925, the issue will exceed the constitutional limit upon the bonded indebtedness of the City, under Article 8, § 7, of the Constitution, of 8 per centum of the assessed value of the taxable property in the City. In my opinion there are serious objections to the validity of the Act of 1925.

In the return of the City Council to the rule to show cause why the injunction prayed for should not be granted it is alleged:

"That during the years 1921, 1922, 1923, and 1924, it issued its certificates of indebtedness in the shape of notes in anticipation of the collection of taxes for amounts actually contained or to be contained in the taxes for the year when certificates were issued and were payable out of such taxes";

—and that a part of these are still outstanding, represented by renewal notes drawing interest. It is assumed that these notes were given under authority of what is now Section 4554, Vol. 3, Code 1922:

"That in the anticipation of the collection of taxes in any fiscal year said City or Town Council, whether such city or town be chartered by special Act of the General Assembly or under the general law, may from time to time, as occasion may require, borrow money for corporate purposes on its note or notes, and pledge the taxes levied or to be levied, in said year for corporate purposes, for the payment of such note or notes and the discount or interest thereon. * * *"

In the Act of 1925 no provision whatever is made for the holders of these notes, and, for all that appears to the contrary, the City Council may dispose of the authorized certificates and leave outstanding the notes which are, under the statute above quoted, secured by the unpaid taxes. Doubtless it is the purpose of the City Council to take up these outstanding notes with the certificates, but, if they do, they throw into a general pot the unpaid taxes, which stand severally as security for the loan of the particular year, and how these equities could be adjusted does not appear in the Act or in the argument of counsel for the City Council.

The most serious objection to the Act of 1925 is that the only method of borrowing money, so as to relieve the indebtedness of the excess limitation provided for in Article 8, § 7, is to come within the exception in that Section:

"*Provided,* That this Section shall not be construed to prevent the issuing of certificates of indebtedness in anticipation of the collection of taxes for amounts actually contained or to be contained in the taxes for the year when such certificates are issued and payable out of such taxes."

The essential elements of this procedure are: (1) The certificates must be issued in anticipation of the collection of the taxes, which necessarily means before the taxes may

be due; (2) they must be issued at some time in the year in which the taxes are collectible; (3) they must be payable alone out of the taxes against which they may be issued.

Not one of these elements is supplied by the Act of 1925. The proposed certificates are to be issued long after the taxes have become due. The basis of the issue is that the taxes of the four years are past due and unpaid. They are proposed to be issued in 1925, not within the year in which they are collectible. It is proposed to make them a debt of the city, with the unpaid taxes as collateral, a more stringent obligation than that contemplated by the Constitution, "payable out of such taxes." The privilege extended by the proviso is to issue certificates whose only vitality is recourse to the pledged taxes. In other words, the purchaser must take them and look only to the taxes pledged for reimbursement, not to the general credit of the city.

Under Section 1122, Volume 3, Code of 1922, relating to notes by County authorities in anticipation of the collection of taxes, and Section 4554, relating to notes by municipal authorities for the same purpose, where no question arises as to exceeding the constitutional limitation, I have no doubt but that the obligation would be a valid one against the County or City, with the pledge of the taxes as collateral, but, where the obligation is not limited to the taxes collected, but is made a debt, the amount of the obligation must be counted in determining the question of excess indebtedness under the Constitution.

I may say that, in my opinion, the proposed proceeding is of exceedingly doubtful expediency. No reason is assigned why the unpaid taxes for these four years have not been collected. Every instrumentality of collection is within the power of the City Council if the taxes are collectible, and to postpone that collection, which the proceeding will inevitably encourage, will continue a somnolence which has resulted in arrears of $325,000.00.

For these reasons I think that the injunction asked for should be granted.

MR. CHIEF JUSTICE GARY and MESSRS. BONHAM, TOWNSEND, and MANN, Circuit Judges, concur.