## 9874

### CARROLL v. TOWN OF YORK ET AL.

(95 S. E. 121.)

1. STATUTES—LOCAL LAWS—RESTRICTIONS ON TOWNS—PARTIAL INVALIDITY.—Act 1911, included in Civ. Code 1912, sec. 2947, allowing some towns to tax merchants selling cotton and prohibiting others from doing so, contravenes Const. 1895, art. VIII, sec. 1, prohibiting special laws, but the rest of such section is separable and valid.

2. STATUTES — SPECIAL LAWS — "MUNICIPAL GOVERNMENT." — Const. 1895, art. VII, sec. 11, having reference to counties and county government, authorizing the legislature to make special provisions for "municipal government," relates to counties and not to cities or towns.

3. CONSTITUTIONAL LAW—POWER TO TAX.—Const. 1895 has not taken from the legislature the exclusive power of taxation, but it may delegate such power to the towns.

1—109.

4. LICENSES—POWER—DELEGATION.—Const. 1895, art. VIII, sec. 6, does not give towns an inherent right to collect a license tax, such being an exclusive power of the legislature, but which it may delegate.

Before RICE, J., York, Fall term, 1915. Affirmed.

Proceedings by W. R. Carroll against the Town of York, J. C. Wilborn, Mayor, A. T. Hart, John S. Sandifer, C. F. Sherer, Thomas W. Speck, J. G. Dickson and William Dickson, Aldermen, constituting the town council of said town of York, S. C., to avoid payment of license. From a judgment allowing the exaction and collection of the tax, W. R. Carroll appeals.

Code of Laws, section 2947, referred to in the opinion, is as follows:

"Said city or town council may, and they are hereby authorized annually to require by ordinance the payment of such reasonable sums of money as a license by any person or persons, corporation or corporations, engaged in any calling, business, occupation or profession, in whole or in part, within the limits of said cities or towns, except those engaged in the calling or profession of teachers or ministers of the gospel: *Provided,* That said license shall be graduated according to the gross income of the persons, firms or corporations required to pay such license, or upon the amount of capital invested in said business. They shall have power to collect license or taxes from all persons representing publicly within the limits of said city or town, for gain or reward, any plays or shows of whatever nature or kind soever; and said city or town council are hereby authorized and empowered to give full force and effect to this section and to punish delinquents thereunder: *Provided,* That no city, town or village within this State shall collect any occupation license or tax from any person or persons engaged in the business of buying or selling cotton in bales or cotton seed in any such city, town or village.

"Nothing herein contained shall apply to cities of more than 50,000 population. This act shall not apply to the counties of Sumter, Clarendon, Orangeburg or Greenville."

Those provisions of the two Constitutions which have reference to town taxation and government are:

Article IX, sec. 8, Const. 1868. Title, Finance and Taxation:

Sec. 8. "The corporate authorities of * * * cities * * * may be vested with power to assess and collect taxes for corporate purposes; such taxes to be uniform in respect to persons and property * * * and the General Assembly shall require that all the property * * * shall be taxed. * * *"

Article IX, sec. 9, Const. 1868. Title, Finance and Taxation:

Sec. 9. "The General Assembly shall provide for the incorporation and organization of cities * * * and shall restrict their powers of taxation, borrowing money, contracting debts and loaning their credit."

Article VIII, secs. 1, 3, Const. 1895. Title, Municipal Corporations:

Sec. 1. "The General Assembly shall provide by general laws for the organization and classification of (cities). The powers of each class shall be defined, so that no such corporations shall have powers or be subject to any restrictions other than all corporations of the same class."

Sec. 3. "The General Assembly shall restrict the powers of cities * * * to levy taxes and assessments, to borrow money and contract debts and no tax or assessment shall be levied or debt contracted except in pursuance of law, for public purposes specified by law."

Article VIII, sec. 6, Const. 1895. Title, Municipal Corporations:

Sec. 6. "The corporate authorities of cities shall be vested with power to assess and collect taxes for corporate purposes.

"Said taxes to be uniform in respect to persons and property. * * *

"All the property * * * within the limits of cities * * * shall be taxed. * * *

"License * * * taxes imposed shall be graduated, so as to secure a just imposition of such tax upon the classes subject thereto."

Atticle X, secs. 1, 5, Const. 1895. Title, Finance and Taxation.

Sec. 1. "The General Assembly may provide for * * * a graduated license on occupations and business."

Sec. 5. "The corporate authorities of * * * towns * * * may be vested with power to assess and collect taxes for corporate purposes; such taxes to be uniform in respect to persons and property. * * *"

*Messrs. W. F. Stevenson* and *J. S. Brice,* for appellant. *Mr. Stevenson* cites: Const., art. VIII, secs. 3 and 6; Const., art. X, secs. 1 and 5; Const., art VII, sec. 1; sec. 2947, Code 1912, vol. I; 64 S. C. 195; 82 S. C. 356; Const., art. VI, sec. 5; 75 S. C. 560; 51 S. C. 57; 59 S. C. 110; Const., art. III, subdiv. 10, sec. 34; 61 S. C. 211; 62 S. C. 251; 100 S. C. 481; 64 S. C. 195; 73 S. C. 196-7; 67 S. C. 411; 76 S. C. 21; 75 S. C. 586; 66 S. C. 277; Const., art. VII, sec. 11; Const., art. VII, sec. 6; 59 S. C. 596; 96 S. C. 26; 82 S. C. 294; 54 S. C. 277; 92 S. C. 378; Const., art. VIII, sec. 3; Const., art. ——, secs. 1 and 5; 81 S. C. 422; 85 S. C. 517; 42 S. C. 298; 12 S. C. 76; 73 S. C. 90; Const. 1868, art. VIII; Ency. of Law, 2d ed., vol. XXI, 239; 10 S. C. 343; 45 S. C. 462; 5 S. C. 120.

*Mr. Brice* cites: Const., art. III, sec. 34; art. X, sec. 3; art. VIII, sec. 3; vol. I of the Code of Laws, sec. 2947; 25 Cyc. 621; 59 S. C. 410; Const., art. VIII, sec. 6; Stats. at Large, vol. XXIII, p. 653; 88 S. C. 251; 34 S. C. 242; 78 S. C. 39.

*Mr. W. W. Lewis,* for respondent, cites: Const. 1868, art. VIII; 42 S. C. 298; Const. 1895, art. VIII; 59 S. C. 410; 54 S. C. 277; Const. 1895, art. VIII, sec. 3 and sec. 6; Const., art. X, sec. 5; Const. 1895, art. VIII, sec. 1; Code of Laws, vol. I, chap. 48; Const. 1895, art. VII, sec. 11; 54 S. C. 281.

January 24, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

This cause involves the right of the town of York to exact from the plaintiff, Carroll, a license tax for the business of "buying or selling cotton in bales or cotton seed." Such a tax was exacted and collected, and the Circuit Court allowed it. From that judgment, Carroll has appealed to this Court.

The Court held to four postulates, to wit:

First. The Constitution of 1895 gives the town an inherent right to collect a license tax. Article VIII, sec. 6. The legislature may provide the method of that collection, but it may not take away that right of collection.

Second. The power given the legislature to restrict taxation by towns (article VIII, sec. 3) does not include the power to prohibit a license tax by a town.

Third. The Constitution of 1895 directed the legislature to organize and classify towns, and to define the powers of each class, so that no town in any class should have powers or be subject to restrictions not common to other towns in the same class. Article VIII, sec 1. The legislature did that by act of 1896 (22 St. at Large, p. 67), but the amendment proviso at issue in the instant case restrains York to collect the tax, and does not restrain Manning, etc.; and for that reason the amendment proviso is void.

Fourth. The statute in question (act 1911, Code 2947) is void because violative of the Constitution at article III,

sec. 34, to wit, the proviso is not the enactment of a special provision in a general law.

The town rests its right upon section 2947 of the Code of Laws.　Carroll rests his right upon the same section.　The Reporter will set out the said section, and he will also set out those relevant parts of the Constitution of 1868 and of 1895 which are attached to this opinion.

The suggestion of the town of York is that so much of section 2947 as denies to York the right to collect a cotton license tax is prohibited by the State Constitution of 1895. Section 2947 is a composite statute, made up chiefly out of the act of 1896 and the act of 1911.　Other statutes codified into it are irrelevant to the issue made in this case. The bulk of the section was enacted in 1896, directly after the constitutional convention adjourned, and to carry out the directions of that instrument, that the General Assembly should forthwith enact general laws concerning the incorporation of cities, towns, or villages.　Article III, sec. 34, subd. 12.　And York rests its right upon that enactment, which conferred upon it and upon all towns in its class the power to exact a license fee from all persons engaged in any business within the town.　So much of the section 2947 which is relevant to the present issue and which follows the second proviso of the section was enacted in 1911.　That act does not by the terms of it amend the act of 1896, but it operates to do so; and the amendment would not be questioned, but for the third section of it, which exempts 5 towns and cities from its operation.　And that purported exemption makes the issue now to be decided.　That exemption is challenged by York under article VIII, sec. 1 of the Constitution, which lays upon the General Assembly the duty to provide by general laws for the organization and classification of municipal corporations, and which directs that the powers of each class shall be defined so that no such corporation shall have any powers or be subject to any restrictions other than all corporations of the same class.

York charges that 4 other towns admittedly in her class have not been restricted to collect the same tax which she is restricted to collect, and that is what the Constitution prohibits. The act of 1896 was plainly violative of the first section of the article on Municipal Corporations. That section is of a piece with section 34 of the article on Legislative Department; and the object of both of them, as we have often declared, was to prohibit innumerable statutes about like subjects, to make uniform the statute law on like subjects, and to secure a common legislative mind and action on large public interests.

In the instant case the restriction laid upon some 40 towns was with reference to the State's staple agricultural product. There is no reason why four towns of the State should have the power to levy a license tax upon the vendors of cotton, while 40 other towns were prohibited to do so. The entire act of 1911 must fall, because its parts are not severable, the right it gives to 4 towns cannot be sustained, because the same right is denied to 40 other towns. The restriction it lays upon 40 towns cannot be sustained, because a like restriction is not laid on 4 other towns. *Paris Mt. Water Co. v. Greenville,* 105 S. C. 184, 89 S. E. 669. The codification in 1912 of the statute of 1911 has not operated to remove it from the constitutional inhibition before referred to. Section 2947, as much as did the act of 1911, puts a restriction upon York which is not put upon other towns in the same class. The infirmity we have considered does not, however, nullify the entire section 2947 of the codification. So much of that section down to the second proviso is severable from that which follows, and the provisions of it stand intact. *State v. Burns,* 73 S. C. 196, 52 S. E. 960.

It is, however, suggested by the appellant that apart from the article on Municipal Corporations just considered, the legislature had the power under article III (section 34, subd.

12) to inject into the general law of 1896 a special provision exempting 4 towns from its operation. The proviso thus relied upon has been up for consideration many times before this. It was thrust into the reported instrument by amendment; and, like foreign matter in the body, it has produced vexation. See Const. Com. Journal, p. 340. There will be no question but that a law prohibiting all towns in the State to collect a license tax from persons engaged in the sale of cotton in bales and cotton seed would be general in form and essence. By the eighth article (Municipal Corporations) and by the third article (Legislative Department) a law on the subject of the corporate powers of a town must be general. There will be no question that a law prohibiting 40 named towns without some reasonable basis for classification to collect a license tax from persons engaged in the sale of cotton in bales and cotton seed, no mention being made of other towns, would be a "local or special law" in form and in essence. The enactment under consideration undertakes to compass that end, not directly, but indirectly. It is not permissible to do so, unless the proviso with reference to special provisions in general laws warrants it The language there used is special provision, not special law. If the special provision robs the law of its general character, it is plainly not permissible. So much was distinctly stated in *Dean v. Spartanburg* as long ago as 1900. In the instant case the "special provision" referred to would tend to do that. That there may be special provisions in general laws is true, but not such provisions as would nullify the general character of the law. That would be absurdity. *State v. Burns,* 73 S. C. 196, 52 S. E. 960; *State v. Higgins,* 51 S. C. 54, 28 S. E. 15, 38 L. R. A. 561; *Dean v. Spartanburg,* 59 S. C. 113, 37 S. E. 226.

The appellant relies, furthermore, in order to save the enactment, upon words in the seventh article and eleventh section. It is true that the Constitution does there permit

the legislature to "make special provisions for municipal government." But "municipal government" does not mean town government exclusively; it embraces State and county and township government. Black's Dict., p. 798. The use of the word in the seventh article was in connection with "Counties and County Government," and it has no reference to town government. The Court was discussing county government in *Grocery Co. v. Burnet,* 61 S. C. 213, 39 S. E. 381, 58 L. R. A. 687, when reliance was put upon the clause above referred to.

The conclusion we have reached, that the last proviso of section 2947 of the Code of 1912 is of no force, does not make necessary a decision of the Court's first postulate. But as the issue there made is of public moment, has been raised by the exceptions, and has been fully argued, it will be decided. Our judgment is, the Court has not stated the law.

We are of opinion the new Constitution (that of 1895) does not confer on towns and cities that which the Court calls an "inherent right," beyond the reach of the legislature, to levy a license tax. It is true the new Constitution contains a distinct article devoted to "Municipal Corporations and Police Regulations," and the old Constitution (that of 1868) has no such titular article. It is true, also, that the Circuit opinion, in *Hill v. Abbeville,* 59 S. C. 403, 38 S. E. 11, did call attention to the difference betwixt the two Constitutions in this respect. But most of the essential provisions about taxation found in the article on Municipal Corporations of the new Constitution are written in the article on Finance and Taxation of the old Constitution. So that on the subject of Taxation by Towns, the powers enumerated in the old Constitution are quite the same as those enumerated in the new Constitution. Both instruments generally and in essence direct: (1) That the corporate authorities of cities shall be vested with the power to tax for corporate purposes; (2) that such taxes shall be uniform

in respect to persons and property; (3) that all property (save that excepted) shall be taxed; (4) that this power to tax to borrow money and to contract debts shall be restricted. The old instrument uses the words "may vest." The new instrument uses both the words "may" and "shall" in the same connection. Article VIII, section 6; article X, section 5.

We think the new Constitution has not modified the general rule of law that the legislative branch of the government has the exclusive power of taxation, but may delegate it to towns for municipal purposes, and may, therefore, restrict the towns in that respect. Dillon, sec. 1380. In the before cited provisions of the two instruments the General Assembly is empowered to confer on towns the power to tax, and to limit its exercise in the four particulars before indicated. The language is that corporate authorities may or shall be vested; that is to say, by the lawmaking power of the State. We think so much is not questioned with reference to the power to levy a property tax. The suggestion is that the provisions in the new instrument which makes verbal reference to license taxes are novel, and confer on municipalities inherent powers to levy such which the legislature may regulate, but may not take away or deny. Such verbal reference is made in article VIII at the close of section 6, and in article X at the close of section 5. The provision last cited declares that the General Assembly may provide for a graduated license tax. The provision first cited, so transposed as to best disclose its meaning, and not adding a word to it nor subtracting a word from it, would read thus:

"License taxes imposed upon classes subject thereto, shall be graduated, so as to secure a just imposition of such tax."

There is no suggestion in the words that the city may impose such a tax without legislative direction; on the contrary, the provision about license is subject to the empowering words which begin the sixth section, to wit:

"The corporate authorities of cities shall be vested with power," etc.

Reverting to the clause above transposed, the implication of it is that some classes may be subject to a license tax and some may not be so subject; the only limitation on such a tax is that when imposed it must be graduated, so that the burden on each class may be just.

It would be a strained construction of the Constitution, and it would involve the granting to a municipality of an extraordinary power, to hold that the General Assembly may not prohibit a town government, which it was authorized to create and did create, to levy a license tax on the sale in a town of the State's chief agricultural product. This conclusion disposes also of the Court's second postulate.

And we come to the conclusion that, for the reasons we have stated, the judgment of the Circuit Court is affirmed.