10405

FLOYD *ET AL.* v. CALVERT *ET AL.*

(103 S. E. 3.)

1. STATUTES—ACT AUTHORIZING ELECTION ON ABANDONMENT OF COMMISSION CHARTER IN ONE CITY IS INVALID.—The act of March 14, 1920, amending a prior act so as to require an election on the question of abandoning the commission form of government in a named city, is contrary to Const., art. III, sec. 34, prohibiting local or special laws to incorporate cities or change the charters thereof, and article VIII, section 1, requiring general laws for the organization and classification of municipal corporations.

2. STATUTES—CONSTITUTION AUTHORIZING SPECIAL PROVISIONS FOR MUNICIPAL GOVERNMENT RELATES TO COUNTIES, NOT TO CITIES AND TOWNS. —Const., art. VII, sec. 11, referring to counties and county government and authorizing the legislature to make special provisions for municipal government, relates to counties and not to cities or towns.

3. STATUTES—AUTHORIZING ELECTION IN ONE CITY WITHOUT PETITION REQUIRED ELSEWHERE DESTROYS GENERALITY OF STATUTE.—Where a statute required a petition or an election in cities on the question of abandoning the commission form of government, an amendment thereto requiring an election in a named city without the petition destroys the generality of the law and cannot be sustained as a special provision allowable in a general law.

Before MOORE, J., Spartanburg, Spring term, 1920. Reversed and election enjoined.

Action by John F. Floyd and others against Arch B. Calvert and others to enjoin the holding of an election. Judgment for defendants, and plaintiffs appeal.

*Messrs. Jno. Gary Evans* and *Geo. W. Nicholls,* for appellants, cite: *Act of 1920 (31 Stat. 1649) is unconstitutional:* Art. VIII, sec. 1; art. III, sec. 34, Const. 1895. *Classes of municipal corporations and the laws governing the same:* Chap. XLVIII, 1 Civil Code. *Commission form for cities:* Art. VIII, chap. XLVIII. *Extended to include cities of from 10,000 to 20,000 inhabitants:* Sec. 3093, 1 Civil Code. *Act 1920 prescribes an election for Spartanburg where other cities in the same class have no such privilege without the usual petition:* 105 S. C. 184. *No objection to a strictly local act, but where a class is affected it becomes of more importance:* 99 S. C. 381. *Spartanburg surrendered its charter and was incorporated under sec. 2931, 1 Civ. Code. And act of 1920 seeks to amend the general law to make it apply to one city in violation of art. III, sec. 34, Const. 1895. And was not a special provision in a general law under par. 12 of sec. 34, art III:* 100 S. C. 478. *Express prohibition of special legislation on said ten subjects shall not be annulled or evaded in any form or guise of legislation:* 61 S. C. 205; 51 S. C. 51; 59 S. C. 110; 60 S. C. 501; 73 S. C. 197; 109 S. C. 1. *Even if regarded as a special provision in a general law, it violates principle of uniformity in the law:* 62 S. C. 247; 73 S. C. 193; 109 S. C. 8. *No conflict in 105 S. C. 354. Use of "municipal government" in art. VII, sec. 2, was in connection with counties and county government, not to town government:* 109 S. C. 8.

*Messrs. J. H. Marion* and *L. G. Southard,* for respondents.

May 6, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action to enjoin an election to abolish the commission form of government in the city of Spartanburg under an act of the legislature of 1920.

The act is as follows:

"An act to amend an act entitled 'An act to amend section 26 of an act entitled "An act to regulate the holding of elections for the commission form of government in cities of over four thousand inhabitants and to provide for the adoption of said form of government in cities of over ten thousand and less than twenty thousand and cities of over fifty thousand and less than one hundred thousand inhabitants, and in cities named herein," by adding a proviso to said section as to the city of Spartanburg,' approved the 14th of March, 1920, requiring an election on the abandoning of the commission form of government by the city of Spartanburg.

"Section 1. *Be it enacted* by the General Assembly of the State of South Carolina: That said section, as so amended, be further amended, by striking out all of said section after the word 'government' on line seven thereof, and inserting in lieu thereof the following: *'Provided,* That the city of Spartanburg may abandon the commission form of government without a petition being filed therefor as provided for the election for the adoption of the commission form of government: *Provided, further,* That there shall be held in the city of Spartanburg on May 11, 1920, between the hours of eight a. m. and eight p. m. an election to determine whether or not the city of Spartanburg shall abandon the commission form of government; said election shall be held in accordance with the rules and laws governing general elections, and the books of registration, both county and city, shall be opened from March 8th, 1920, and remain open until within thirty days before said election. It shall be the duty of the commissioners of election of the city of Spartanburg to provide a sufficient number of ballots to be voted

at said election, and to appoint the managers and declare the results of the election; said ballots to be in form as follows: "For the abandonment of the commission form of government"—"Yes" or "No." Those voting in favor of abandonment shall erase the word "No"—those voting against the abandonment shall erase the word "Yes" on said ballots. In case a majority of the votes cast at said election be in favor of abandonment of the commission form of govenment, the said commissioners of election shall declare the result within five days thereafter; and on the 13th day of July thereafter an election shall be held for mayor and aldermen to serve as such under the provision of the general law applicable to the city of Spartanburg before the adoption of the commission form of government, who shall qualify within five days after their election: *Provided,* If said election result against the abandonment of the commission form of government the question of abandonment thereof may be resubmitted to the electors of said city by petition as herein provided. The cost of said registration and election shall be paid by the city of Spartanburg'—so that said section, when so amended, shall read as follows:

"Sec. 26. Any city, after operating for six years under the provisions of this article, may abandon the form of government herein provided and accept the provisions of the general law applicable to it before adoption of this form of government by procedure of petition and election on the question of abandonment in the manner provided hereinabove for adopting this form of government: *Provided,* That the city of Spartanburg may abandon the commission form of government without a petition being filed therefor as provided for in the election for the adoption of the commission form of government: *Provided, further,* That there shall be held in the city of Spartanburg, on May 11th, 1920, between the hours of eight a. m. and eight p. m. an election to determine whether or not the city of Spartanburg shall abandon the commission form of government. Said elec-

tion shall be held in accordance with the rules and laws governing general elections, and the books of registration, county and city, shall be opened from March 8th, 1920, and remain open until within thirty days before said election. It shall be the duty of the commissioners of election of the city of Spartanburg to provide a sufficient number of ballots to be voted at said election, and to appoint managers and declare the result of the election; said ballots to be in form as follows: 'For the abandonment of the commission form of government,' 'Yes' or 'No.' Those voting in favor of abandonment shall erase the word 'No'—those voting against the abandonment shall erase the word 'Yes' on said ballots. In case a majority of the votes cast at said election be in favor of abandonment of the commission form of government, the said commissioners of election shall declare the result within five days thereafter; and on the 13th day of July thereafter, an election shall be held for mayor and aldermen, to serve as such under the provision of the general law applicable to the city of Spartanburg before the adoption of the commission form of government, who shall qualify within five days after their election: *Provided,* If said election result against the abandonment of the commission form of government, the question of abandonment thereof may be resubmitted to the electors of said city by petition as herein provided. The cost of said registration and election shall be paid by the city of Spartanburg.

"Sec. 2. This act shall take effect immediately upon its approval by the Governor."

It is claimed that this act is in violation of section 1 of article VIII of the Constitution. That provision is:

"The General Assembly shall provide by general laws for the organization and classification of municipal corporations. The powers of each class shall be defined so that no such corporation shall have any powers or be subject to any restrictions other than all corporations of the same class Cities and towns now existing under special charters may

reorganize under the general laws of the State, and when so reorganized their special charters shall cease and determine."

It is also claimed that the act is in contravention of section 34 of article III. That provision, in part, is:

"The General Assembly * * * shall enact local or special laws concerning any of the following subjects or for any of the following purposes, to wit: * * *

"2. To incorporate cities, towns or villages, or change, amend or extend the charter thereof. * * *

"10. The General Assembly shall forthwith enact general laws concerning said subjects for said purposes, which shall be uniform in their operations: *Provided,* That nothing contained in this section shall prohibit the General Assembly from enacting special provisions in general laws."

A careful reading of the statute shows conclusively that the only city that has or can have an election under this act to abolish the commission form of government, without a petition, is Spartanburg. The Constitution plainly says: "No such corporation shall have any powers or be subject to any restrictions other than all corporations of the same class."

The act ignores all classification, and, whether the holding of an election without a petition of the voters be considered as a power or restriction, it is equally forbidden by section 1 of article VIII of the Constitution.

The violation of article VIII, section 34, is just as clear. The Constitution forbids a special act that changes, amends or extends the charter of a municipal corporation. This act changes the charter of Spartanburg in one of its most fundamental provisions, in that it seeks to change its form of government. It is said, however, that section 11 of article VII is authority for this act. The case of *Carroll v. York,* 109 S. C. 1, 95 S. E. 121, shows that this section does not apply to cities or towns.

It is further claimed that special provisions in general laws are allowed. This is true, but untenable in this case, inasmuch as Spartanburg is entirely exempt from the important provision as to the petition that is the basis for the call for the election. Such a provision destroys the generality of the law, and is, therefore, prohibited.

The trial Judge who heard these proceedings on Circuit declared the act to be constitutional. From this holding this appeal is taken. The exceptions that raise these questions must be sustained.

The judgment appealed from is reversed and the election enjoined. Let the remittitur be sent down at once.