17163

SAMUEL D. WATSON, on Behalf of Himself and All Other Taxpayers of the City of Orangeburg Similarly Situated, Appellant-Respondent, v. THE CITY OF ORANGEBURG and W. M. AYERS, *ET AL.,* Respondents-Appellants, SAMUEL D. WATSON, On Behalf of Himself and All Other Taxpayers of the City of Orangeburg Similarly Situated, Appellant-Respondent, v. THE CITY OF ORANGEBURG and L. E. MILLER, *ET AL.,* Respondents-Appellants.

(93 S. E. (2d) 20)

368

*Messrs. Rosen, Horger & Sims,* of Orangeburg, *for City of Orangeburg* and *W. M. Ayers, Respondent-Appellant* and *T. B. Bryant, Jr.,* and *F. R. Fanning, Jr.,* of Orangeburg, *for L. E. Miller, Respondent-Appellant,*

*Messrs. Moss & Moss,* of Orangeburg, *for Samuel D. Watson, Appellant-Respondent,*

May 17, 1956.

LEGGE, Justice.

Plaintiff, a property owner and taxpayer of the City of Orangeburg, brought an action on March 28, 1952, against twenty-four (24) other property owners of said city to collect from them certain taxes, together with interest and penalties, which he alleged they owed the said city. Joined as codefendants were the city and certain of its officials.

The complaint alleged that the city had passed certain unconstitutional and therefore void ordinances purporting to exempt the properties of the individual defendants from taxation, thereby increasing the tax burden of the plaintiff and others similarly situate; that unavailing demand had been made upon the city officials to collect from such defendants the taxes in question; and that the action was brought by the plaintiff "for the benefit of the City of Orangeburg and on behalf of himself individually and all taxpayers of the City of Orangeburg similarly situate and in like circumstances". It prayed judgment against the defendant delinquent taxpayers in favor of the plaintiff for the benefit of the city; preservation in such judgment of the city's tax liens;

appointment of a receiver with power to foreclose such tax liens and hold the proceeds so collected subject to the further order of the court; and for such other and further relief as might be just and equitable.

On April 5, 1952, the City of Orangeburg and the official defendants served notice of motion to strike certain allegations of the complaint, and on the same date all defendants demurred upon the ground, among others, that the complaint showed misjoinder of causes of action. The motion and demurrers came on to be heard before the Honorable J. Henry Johnson, Presiding Judge, on or about November 24, 1952, and at the time of the hearing the defendants served notice of amendment of the demurrer by adding, as additional ground, that the complaint did not state facts sufficient to constitute a cause of action, for the reason that it appeared on its face that plaintiff's right of action, if any, was by way of mandamus alone. Judge Johnson, by order dated November 24, 1952, granted the motion to strike, sustained the demurrer for misjoinder, and ordered that the action be divided into separate actions pursuant to Section 493 of the 1942 Code, Code 1952, Section 10-644, but did not require the plaintiff to serve amended pleadings. In this order he held the other grounds of demurrer to be without merit, and overruled them; and the parties to this appeal are in disagreement as to whether or not he intended thereby to pass upon the additional ground above mentioned. In his order of June 25, 1955, settling the case for appeal in that regard, Judge Johnson states that his recollection is that the demurrers ruled upon by him were those served on April 5, 1952, and that he has no recollection of having considered or ruled upon the additional ground of demurrer filed on November 24, 1952. His statement is conclusive of the matter. *State v. Sessions*, 225 S. C. 177, 81 S. E. (2d) 287; *Brown v. Hill*, 228 S. C. 34, 88 S. E. (2d) 838.

Following Judge Johnson's order, all of the defendants answered, pleading general or qualified denials and estoppel. By consent order in each case, all of the actions were re-

ferred to James F. Dreher, Esq., Special Referee, to hear and determine all issues of law and fact. At the first reference, on December 10, 1953, the parties stipulated, among other things, that the decision in the case against the City of Orangeburg and W. M. Ayers would be determinative of all the cases involving property-owner defendants stipulated or proven to be "manufactories" within the purview of Article VIII, Section 8, of the Constitution of 1895, and that the decision in the case against the City of Orangeburg and L. E. Miller would be determinative of all of the remaining cases. At the next reference, on January 28, 1954, demurrers to the several complaints were interposed upon the same ground that had been presented as the "additional ground" of demurrer to the complaint as it stood before Judge Johnson on November 24, 1952, to wit: that the complaint did not state facts sufficient to constitute a cause of action, for the reason that it appeared on its face that the plaintiff's right of action, if any, was by way of mandamus alone.

The Special Referee made no express ruling on the demurrers. Holding that the tax exemption ordinances in question were invalid because admittedly no election for the purpose of ratifying them had been held as required by Article VIII, Section 8, and expressing doubt that these actions were maintainable by a private individual, he found that taxes were due to the City of Orangeburg by each of the property-owner defendants in certain amounts, and recommended that the court issue an order in each case declaring the ordinances unconstitutional, directing the City of Orangeburg to collect the taxes so found to be due, and requiring the city to hold the funds so collected subject to the payment of the costs of the actions, including a proper fee for plaintiff's counsel, and holding the causes open for ascertainment of the proper amount of such fee and for such further administrative orders as might be necessary.

To this report the plaintiff, as well as the defendants Ayers, Miller and the City of Orangeburg, excepted. By

their exceptions these defendants contended, *inter alia,* that the Special Referee should have sustained the demurrers and should have held that the court was without authority to grant the relief demanded in the complaint or that recommended by the Special Referee.

Upon the exceptions to the Special Referee's report the matter was heard before the Honorable T. B. Greneker, Presiding Judge, from whose decree of May 15, 1954, the plaintiff and the defendants Ayers, Miller and the City of Orangeburg now appeal. We quote from the decree:

"I have carefully gone over the numerous exceptions made by the plaintiff and find that they are without merit; therefore, I am overruling all of them. However, there are exceptions made by the defendant, City of Orangeburg, and some of the defendants, that have given me a great deal of concern. Generally, these exceptions are to the effect that the Court is without authority to grant the relief demanded in the complaint.

"It is contended by the plaintiff that the exceptions made by the defendant, that is, to the effect that the Court is without authority, have been decided by Judge Johnson in the demurrer previously heard and that the issue is *res adjudicata.* It is contended by certain defendants that the demurrer in this respect was never passed on and it was the intention of Judge Johnson to leave the question open. I do not believe that it is necessary for me to decide this contention, for the reason that if it should appear that the action is improper, then it is the duty of this Court to so find.

"The plaintiff, as an individual, based his suit on the proposition that the ordinances of the City of Orangeburg of February 14, 1947, and November 22, 1949, purporting to exempt certain property owner defendants from City taxes under the conditions heretofore expressed, were unconstitutional and without authority. The suit not only prays for the Court to find the ordinances unconstitutional, but asks judgment against the defendant delinquent taxpayers in favor of the plaintiff for the benefit of the City of Orange-

burg, and for the preservation of the City's tax liens, and asked for an appointment of a receiver to foreclose the City tax liens.

"I fully agree with the Special Referee that these ordinances are unconstitutional and are null and void. However, the action is brought as an equitable proceeding which, in my mind, is improper in the light of Section 65-2701 of the 1952 Code of Laws of South Carolina, to wit:

" 'All taxes, assessments and penalties legally assessed shall be considered and held as a debt payable to the State by the person against whom they shall be charged and such taxes, assessments and penalties shall be a first lien in all cases whatsoever upon the property taxed, the lien to attach at the beginning of the fiscal year during which the tax is levied. Such taxes shall be first paid out of the assets of any estate of deceased persons or held in trust as assignee or trustee or the proceeds of any property held on execution or attachment. The county treasurer may enforce such lien by execution against such property or, if it cannot be levied on, he may proceed by action at law against the person holding such property.'

"Therefore, it would appear that this section eliminates the granting unto the plaintiff of equitable relief, for in my mind, a tax lien cannot be foreclosed by action unless the legislature has provided for such a remedy and I know of no such provision, nor has any such provision been cited by counsel.

"Certain defendants have contended throughout that there is no statutory authority upon which the plaintiff can base such an action and contend that the statute specifically provides otherwise. It might be noted that the Special Referee recognized this in his report, from which I quote:

" 'In the first place, as the defendants argue, I doubt that anyone other than the taxing public body has the right to collect taxes or to sue for past due taxes. Plaintiff has cited me no authority for a private individual maintaining any

action for a tax liability. The statutory authority for suits for taxes and the enforcement of tax liens is found in Article 1, Chap. 20 of the 1952 Code (Section 65-2701 *et seq.*). These sections certainly contemplate the enforcement of tax liability by the State and its political subdivisions rather than by an individual, even though he act under the authority of the Court. See *State ex rel. Daniel v. Textile Hall Corporation,* 185 S. C. 406, 194 S. E. 66, as to the right of a municipality in proper cases to proceed under the same statutory authority for the collection of taxes due it.'

\* \* \*

"There is no question in my mind that the ordinances are unconstitutional as to the taxes proper, but there is no basis for the penalties. It is my thought that this Court in this action cannot foreclose the liens or make any order or direction to the City, other than an order directing that the City collect the taxes exempt by it in the twenty-four (24) cases in the Court, exclusive of penalties. The City of Orangeburg, being an integral part of the State, can be ordered and directed by this Court to perform certain acts.

"It is contended by the defendants that the only procedure available to the plaintiff is an action in mandamus for a direction to the City to collect the taxes, and upon such finding that the ordinances are unconstitutional, then a collection of the taxes by the City with no control over it by the Court and no authority on the part of the Court to order the payment of attorney's fees. However, it is my thought that the plaintiff's counsel is entitled to a reasonable attorney's fee, and it is not my purpose in this order to bar him from making application for a reasonable fee to be paid him from the funds so collected.

\* \* \*

"It is Ordered, Adjudged and Decreed that the ordinances granting the exemption heretofore set forth are unconstitutional, null and void, and the City of Orangeburg, through its duly authorized officers, is directed to proceed as rapidly as possible to collect from the twenty-four (24)

property owners, as set forth in the caption of this Decree, all unpaid taxes exempt under the ordinances dated February 24, 1947, and November 22, 1949, exclusive of penalties."

Exceptions to this decree by the defendants Ayers, Miller and the City of Orangeburg charge error on the part of the Circuit Judge, *inter alia*:

1. In directing the collection of the taxes by the City of Orangeburg upon the action brought, said action being in equity and not a proceeding at law for mandamus;

2. In granting relief prayed for in the complaint, there being no statutory authority for such action;

3. In granting equitable relief, for the reason that the only relief available to the plaintiff was in an action at law for mandamus.

The power of taxation being an attribute of sovereignty vested in the legislature subject to constitutional restrictions, taxes can be assessed and collected only under statutory authority. 51 Am. Jur., Taxation, Section 44, p. 74. *Grier v. City Council of City of Spartanburg,* 203 S. C. 203, 26 S. E. (2d) 690. It follows that, in the absence of statute so providing, the power to collect taxes due to the municipality may not be delegated by it without express statutory authority, cf. *Borough of Wilkinsburg v. School District of Wilkinsburg,* 365 Pa. 254, 74 A. (2d) 138, and a fortiori cannot be exercised by a private citizen. Provision for the imposition and collection of property taxes by cities and towns of over one thousand (1,000) inhabitants is made in Sections 47-241 and 47-253 of the 1952 Code. No statute has been suggested as authorizing an action such as the present one.

Whether or not under the facts of the instant case the plaintiff could have proceeded by way of mandamus to compel the officials of the City of Orangeburg to assess and collect from the property-owner defendants the taxes in question is a matter we need not, and do

not, decide. The action here was not directed to that end. Plaintiff's case, as disclosed by pleading and proof, was predicated upon the theory that because of the failure of the city officials to assess and collect said taxes he himself had the right, for the benefit of the city and its other taxpayers, to collect them individually, and, if necessary, to enforce the city's tax lien through the medium of a receiver to. be appointed by the court at his instance. Upon that theory the cases were tried, as is apparent from the portions of the circuit decree hereinbefore quoted; and that theory must therefore govern our consideration of the appeal.

It is well settled that the theory upon which the case was tried in the court below must be strictly adhered to on appeal. 3 Am. Jur., Appeal and Error, Section 253, p. 35; 4 C. J. S., Appeal and Error, § 241, p. 465; *Wilson v. Southern Ry. Co.,* 123 S. C. 399, 115 S. E. 764.

For the reasons hereinbefore stated, the plaintiff was not entitled to any relief under the theory upon which these cases were tried. The defendants' exceptions in that regard must be sustained, and the cause remanded for entry of orders dismissing the complaints. Consideration of the other exceptions is unnecessary.

Reversed and remanded for entry of orders of dismissal.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.