18052

GLENS FALLS INSURANCE COMPANY, Respondent, v. CITY OF COLUMBIA, Guy A. Pitts, as City Treasurer of the City of Columbia, and E. H. Paulk as City License Inspector of The City of Columbia, Appellants. SOUTH CAROLINA INSURANCE COMPANY, Respondent, v. CITY OF COLUMBIA, Guy A. Pitts as City Treasurer of The City of Columbia and E. H. Paulk as City License Inspector of The City of Columbia, Appellants.

(130 S. E. (2d) 573)

238

*Messrs. John W. Sholenberger* and *Edward A. Harter, Jr.,* of Columbia, *for Appellants,*

*George L. Dial, Esq.,* of Columbia, *for Respondents,*

April 10, 1963.

LEWIS, Justice.

Separate actions were instituted by the plaintiffs Glens Falls Insurance Company and South Carolina Insurance Company against the defendant City of Columbia to re-

cover certain sums paid under protest for municipal business licenses. The complaints and answers are identical in all material respects, except as to the amount involved in each case. The basic issue in both actions involves a determination of the right of the City of Columbia under its ordinances and the State statutes to impose an annual business license tax upon the plaintiffs in excess of $2,500.00 each. This appeal is by the City of Columbia from an order of the Circuit Court granting motions of the plaintiffs to strike from its answer certain defenses upon the grounds that they were irrelevant, redundant, and constituted no defense to the allegations of the complaint.

The complaints allege that the plaintiffs are engaged in the business of writing insurance, each with a place of business in the City of Columbia, and that the maximum amount for which each plaintiff is liable to the City, under the applicable laws, for a business license each year is the sum of $2,500.00. It is then alleged that the plaintiff Glens Falls Insurance Company paid to the City, under protest, the sum of $5,537.94 for a business license for 1962, which was $3,037.94 in excess of the legal limitation of $2,500.00; and that the plaintiff South Carolina Insurance Company paid the sum of $6,768.61 which was $4,268.61 in excess of the alleged limitation. Judgment is sought for the alleged excess amount paid by each.

The portions of the answers stricken by the lower court were paragraphs 4 and 5.

It was alleged in paragraph four of the answers that, under the ordinances of the City of Columbia, a separate license is required for each agency issuing policies of a casualty or fire insurance company (in which classification the plaintiffs admittedly fall) ; that plantiffs have numerous agencies in the City and in 1954, as a convenience to all parties, an agreement was reached whereby the plaintiffs would give to the City a list of its agencies with the total gross premiums collected by each and the city would issue one license covering all, but it was agreed between

the parties that it would be deemed by them that one license would be the same as if a separate license had been issued to plaintiffs for each of its agencies in the city; that the license fees of which plaintiffs now complain were paid in accordance with this agreement and that not more than $2,500.00 was charged plaintiffs for any one agency.

In considering the relevancy of the allegations of paragraph four of the answers, we must first determine the proper method of assessment of the license tax in question under the applicable ordinances and statutes.

The city asserts the right to impose the business license taxes in question under its Business and Professional License Ordinance, as governed by the applicable State statutes. The provisions of the city's ordinance which required the payment of license taxes by insurance companies and by agents or agencies are as follows:

"Insurance

069-2. Agents or Agencies—each . . . . . . . . . . . . . . $25.00
  Only one license required for each agency.
  Life insurance agents and agencies exempt
  except for transients.

A69-3  On gross premiums collected through offices or
  agents located in the city or collected on
  policies written on property located in the
  city, wherever the premiums are collected, the
  following rates shall apply:
    Fire insurance companies . . . . . . . . . . . . . 2%
    Casualty companies (accident, collision,
    fidelity, guaranty, indemnity, liability, plate
    glass, surety, theft, or any other form) . . 2%

Following the above provisions, the ordinance sets forth the manner and method of computing and collecting the license tax imposed on "any insurance company, other than life."

While the foregoing ordinance contains no limitations as to the maximum license which may be imposed upon in-

surance companies, we have recently held that the ordinance was passed under the authority granted to the city by Section 47-407 of the 1952 Code of Laws of South Carolina, dealing with business license taxes in cities of over 70,000 population, and that the city is limited in the assessment of license taxes against any person or corporation doing business in the city by the maximum of $2,500.00 as prescribed by such statute. *City of Columbia v. Putman,* 241 S. C. 195, 127 S. E. (2d) 631.

The city contends, however, that under the foregoing ordinance, for the purpose of assessing the license tax against the insurance companies (plaintiffs), the gross premimums collected by each agent or agency must be treated separately and that, in effect, each company must pay a separate license tax, not to exceed $2,500.00, on each one of its agencies computed on the gross premiums collected by each agency. The license taxes imposed on the plaintiffs in the instant case were computed on the above basis. The plaintiffs contend on the other hand that under the foregoing ordinance the business license tax of each company cannot exceed the sum of $2,500.00, regardless of the number of agents or agencies which each has in the city.

The ordinance here involved clearly provides for the assessment of the license taxes against an insurance company on the basis of the gross premiums collected by each company without regard to the number of agents or agencies which each company has in the city. The scheme of taxation is to treat the insurance agents or agencies separately from the companies. The license required of each agent or agency is the fixed sum of $25.00, and it is admitted that each agent or agency of the respective plaintiffs was required to pay this license. Nowhere in the ordinance is the license tax to be imposed upon an insurance company conditioned upon the number of agents or agencies maintained in the city. The only requirement of the ordinance with reference to an insurance company is that each company

pay a license tax on the basis of 2% of the gross premiums "collected through offices or agents located in the city or collected on policies written on property located in the city," and the maximum amount of such tax which may be annually imposed on any company is limited to the sum of $2,500.00 as prescribed by Section 47-407, *supra*.

In the light of the foregoing construction of the ordinance, we proceed to a determination of the relevancy of the allegations of paragraph four of the answers.

Taxes can be assessed and collected only under statutory authority, *Watson v. City of Orangeburg,* 229 S. C. 367, 93 S. E. (2d) 20, and we do not understand that the city relies upon the alleged agreement with plaintiffs as the basis for the imposition of the instant license taxes. Rather, we construe the contention of the city, under the allegations of paragraph four, to be that the city entered into an agreement with the plaintiffs as to the manner of assessment of the taxes, based upon the construction placed upon the ordinance by the city for many years, and that such interpretation by the city, agreed to by the plaintiffs, is a relevant consideration in the construction of the ordinance by the court.

It is true that the construction given an ordinance or statute by those charged with the duty of executing it is entitled to weight and should not be overruled without cogent reasons. However, "the doctrine giving effect to executive construction is usually and properly restricted to cases in which the meaning of the statute is really doubtful," *Carolina, C. & O. Ry. of S. C. v. S. C. Tax Commission,* 197 S. C. 529, 15 S. E. (2d) 764; for, "where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation, * * *." 50 Am. Jur. 205, Section 225.

We find no ambiguity in the ordinance in question and the fact that the city authorities may have placed a construction thereon contrary to its clear and

plain meaning would be irrelevant, even though acquiesced in by the plaintiffs during prior years. The allegations of paragraph four of the answers were properly stricken upon the ground that they were irrelevant.

We next consider the relevancy of the allegations of paragraph five of the answers. This paragraph alleges that Section 47-407 of the 1952 Code of Laws, as amended, is unconstitutional as special legislation in violation of Article III, Section 34, Subdivision IX of the Constitution of the State of South Carolina. This provision of the Constitution prohibits the enactment by the Legislature of a special law in cases where a general law can be made applicable.

Section 47-407 provides that:

"Cities of over seventy thousand inhabitants, according to the latest official United States census, may require the payment of such sum of money, not exceeding twenty-five hundred dollars, for a license as in their judgment may be just and wise by any person or corporation engaged, or intending to engage, in any calling, business or profession, in whole or in part, within the limits of such cities, except those engaged in the calling or profession of teachers and ministers of the gospel. But whenever the amount of the license shall exceed one thousand dollars, the concurrence of two-thirds of the whole council and the mayor shall be necessary in the passage of any ordinance requiring such license."

The Legislature has enacted three statutes dealing generally with the imposition of business license taxes by towns and cities. These are Sections 47-407 (*supra*), 47-173, and 47-271. Section 47-173 provides for the assessment of business license taxes by towns having a population of under 1,000 inhabitants, Section 47-271 by towns and cities of over 1,000 population, and Section 47-407 by cities of over 70,000 population. Sections 47-173 and 47-271 contain no specific limitation on the amount of the license tax which may be imposed by the towns and cities falling within those

classifications. However, Section 47-407 provides that in cities having a population of over 70,000 inhabitants the maximum license tax which may be assessed against any person or corporation shall not exceed the sum of $2,500.00.

The City of Columbia takes the position in substance that the classification in Section 47-407 has no reasonable relation to the purposes and objects to be obtained by the Legislature in that it imposes, without substantial basis, upon cities having a population of over 70,000 a limitation on the maximum license fees which such cities may assess, which is not imposed on other cities and towns in the State. We do not think that the maximum limitations imposed by Section 47-407 can be judicially declared unreasonable.

Article 8, Section 1 of the Constitution of South Carolina grants to the Legislature the power to classify municipal corporations and to define the powers of each class. In the exercise of such power, classification of municipalities upon the basis of population has been recognized as a proper mode of classification. *Forde v. Owens*, 160 S. C. 168, 158 S. E. 147.

And classification upon the basis of population has been recognized as proper in granting the power to municipalities to assess license taxes, where the powers conferred apply uniformly to all cities or towns of the same class. *Carroll v. Town of York et al.*, 109 S. C. 1, 95 S. E. 121.

The power of the Legislature to classify, however, is subject to the limitation that the classification must bear some reasonable relation to the purposes and objects to be attained by the Legislature. It must not be arbitrary for the mere purpose of classification. *Elliott et al. v. Sligh*, 233 S. C. 161, 103 S. E. (2d) 923.

Whether the basis of classification is wise and judicious is a matter for the Legislature and not for the courts. The limit of judicial inquiry in a case of this kind is whether the classification on the basis of population "bears any reasonable relation to the subject to which

the legislature has applied it, and whether it is germane to the law. Unless the classification adopted by the legislature is plainly illusory or may be applied illusively, the judgment of the legislature must prevail." 37 Am. Jur., Municipal Corporations, Section 101. *Wagner et al. v. Smith et al.*, 221 S. C. 438, 71 S. E. (2d) 1.

Article 8, Section 6 of the Constitution of this State requires that license or privilege taxes imposed by cities and towns shall be graduated so as to secure a just imposition of such tax upon the classes subject thereto. Both Sections 47-173, *supra,* relating to towns under 1,000 population, and 47-271, *supra,* relating to cities and towns of over 1,000 population, provide that any license tax imposed shall be reasonable and graduated according to the gross income of the person required to pay it or upon the amount of capital invested in the business. The ordinance in this case imposes the license tax on the basis of a percentage of the gross income of the insurance company.

The classification in Section 47-407 is based upon population which may reasonably affect the amount of the income of the business and thereby the amount of the license tax. Certainly it cannot be said that density of population has no reasonable relation to the fixing of license taxes.

In fixing a limitation in Section 47-407 on the amount of the license tax which might be imposed thereunder, it is a reasonable assumption that the Legislature had in mind prohibiting the imposition of an unreasonable or unconscionable tax. Since the assessment of the tax was graduated as to income, the payment of an unreasonable license tax in cities of smaller population was no doubt considered unlikely. This could have been reasonably considered a sufficient safeguard against the imposition of an unreasonable license tax. As stated in the order of the Circuit Court: "Doubtless the Legislature realizes that a city in its search for revenue might be inclined to require the payment of an

unreasonable or unconscionable license tax and hence placed the restriction contained in Section 47-407 on the larger cities because no such figure would probably ever be reached in the smaller towns." The exact line of demarcation between the classification of cities to effect such result was a matter within the discretion of the Legislature.

The attack upon the constitutionality of Section 47-407 upon the ground that it is special legislation in violation of Article III, Section 34, Subdivision IX of the Constitution of this State cannot be sustained. It follows that paragraph 5 of the answers, which attacks the constitutionality of Section 47-407 upon this ground, is irrelevant and was properly stricken by the lower court.

Affirmed.

TAYLOR, C. J., and MOSS, J., concur.

BUSSEY and BRAILSFORD, JJ., concur in result.

BRAILSFORD, Justice (concurring).

For the reasons stated in the opinion of Mr. Justice Lewis, I agree that paragraph 4 of the amended answer was properly stricken by the lower court.

I have grave doubt as to the reasonableness of the classification on which Section 47-407, Code of Laws 1952, as amended, is based. However, I concur in the result as to paragraph 5 of the amended answer because the exception charging error in striking this paragraph fails to comply with rule 4, section 6 of the Rules of this Court in two particulars.

"* * * the error being that (a) Section 47-407 of the Code of Laws of South Carolina, 1952, as amended, is unconstitutional because it is special legislation and (b) His Honor should not have ruled upon the constitutionality of the Section until after hearing the case on its merits."

The exception contains two distinct propositions of law, and proposition (a) is not a complete assignment of error, in that it fails to point out wherein the statute falls within the

category of constitutionally prohibited special legislation. It fails to challenge the reasonableness of the classification, which is the basis of the claimed unconstitutionality of the statute. Therefore, the constitutional point which is argued in the brief is not properly raised by the exception.