18696

UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant, v. CITY OF GREENVILLE, Respondent, and The AETNA CASUALTY & SURETY COMPANY, Appellant, v. CITY OF GREENVILLE, Respondent.

(156 S. E. (2d) 417)

*Messrs. Haynsworth, Perry, Bryant, Marion & John-stone,* of Greenville, *for Appellant, United States Fidelity & Guaranty Company,* and *Ward, Howell & Barnes,* of Spartanburg, *for Appellant, Aetna Casualty & Surety Company,*

*W. H. Arnold, Esq.,* of Greenville, *for Respondent,*

August 24, 1967.

LEWIS, Justice.

The question to be decided is whether the City of Greenville may lawfully impose, under Section 47-271 of the 1962 Code of Laws, a business license tax in excess of $2,500.00 per year. The matter is here on appeal by plaintiffs, United States Fidelity & Guaranty Company and Aetna Casualty & Surety Company, from an adverse judgment entered in their separate, but subsequently consolidated, actions to recover business license taxes paid under protest by each to the City of Greenville for the years 1964, 1965 and 1966, in the instance of United States Fidelity & Guaranty, and 1965 and 1966, in the instance of Aetna Casualty & Surety, to the extent that such taxes exceeded the sum of $2,500.00 in each of the respective years.

For many years the General Assembly has classified towns and cities according to population for the purpose of con-

ferring authority to levy business license taxes. These statutes are found in Sections 47-173, 47-271 and 47-407, of the 1962 Code of Laws, and were considered in *Glens Falls Insurance Co. v. City of Columbia,* 242 S. C. 237, 130 S. E. (2d) 573.

Section 47-173 applies to the assessment of license taxes by towns having a population of under one thousand inhabitants; Section 47-271 by towns and cities having a population between one thousand and seventy thousand; and Section 47-407, at the time of our decision in *Glens Falls,* by cities of over seventy thousand. Sections 47-173 and 47-271 contain no specific limitation on the amount of a license tax which may be imposed by towns and cities of under seventy thousand population. However, Section 47-407 provided that in cities having a population of over seventy thousand the maximum license tax which might be assessed against any person or corporation could not exceed the sum of $2,500.00 per year. The effect of these statutes was to place a limit of $2,500.00 on the amount of such tax which could be imposed by cities of over seventy thousand but placed no specific limit on towns and cities with a smaller population. It is conceded that the population of the City of Greenville is under seventy thousand.

The foregoing statutory classification of towns and cities on population basis for the purpose of imposition of license taxes was upheld in *Glens Falls.* We also there applied the limitation imposed by Section 47-407 so as to preclude the City of Columbia, with a population of over seventy thousand, from imposing a business license tax in excess of $2,500.00.

In 1965, after our decision in *Glens Falls,* Section 47-407 was amended so that its provisions now apply only to cities having a population of over seventy thousand and under ninety thousand. 54 Stat. at Large 588 (now appearing as amended in the 1966 Supplement to the 1962 Code of Laws). Questions concerning the classification made by Section 47-407, as amended, are not here involved.

The plaintiffs contend that the imposition of a license tax in excess of $2,500.00 per year in a municipality containing fewer than 70,000 inhabitants is excessive and unreasonable, in violation of Article 8, Section 6, of the South Carolina Constitution and the legislative intent as reflected in the foregoing statutes.

The above statutes, which grant to municipalities the power to levy license taxes, were enacted pursuant to Article 8, Section 6, of the South Carolina Constitution. The only limitation imposed by this section of the Constitution is that "[1]icense or privilege taxes imposed shall be graduated so as to secure a just imposition of such tax upon the classes subject thereto." There is no contention that the taxes imposed upon plaintiffs were discriminatory or unreasonable *per se.* In fact, it is conceded that the City of Greenville by proper ordinance imposed a business license for each calendar year on a graduated scale in conformity with the requirements of the foregoing constitutional provision and the statutes enacted pursuant thereto.

The real contention of plaintiffs is that, since the Legislature placed, by the terms of Section 47-407, a limitation of $2,500.00 on the amount of a business license tax which could be imposed by cities of over seventy thousand, it necessarily, by implication, determined that such would be the maximum tax which could be exacted under Section 47-271 in cities of under seventy thousand, and that a tax imposed under Section 47-271 in excess of such amount would therefore be unreasonable, citing *Glens Falls Insurance Co. v. City of Columbia, supra,* to sustain their positions.

Reliance by plaintiffs upon our decision in *Glens Falls* is misplaced. The present question was not there presented or decided.

The City of Greenville, having a population of under seventy thousand, was governed in the imposition of business license taxes by the provisions of Section 47-271, which contained no specific limitation on the amount of the tax which

might be imposed. Therefore, in order to sustain the contention of plaintiffs, we would have to read into this section a limitation which it does not expressly contain.

Sections 47-271 and 47-407 deal with municipalities falling within different classifications for tax purposes; and there is no basis to assume that the Legislature, having so created the classifications, intended that the limitation applied to cities falling within the terms of Section 47-407 should apply to cities affected by 47-271.

Under the plain and unambiguous terms of Section 47-271, it is clear that the Legislature did not intend to impose a limitation of $2,500.00 upon the amount of the tax which could be collected by cities with a population of under seventy thousand. And, where it is clear that no limitation was intended, we cannot properly create one.

The lower court properly sustained the imposition of the business license taxes against the plaintiffs.

Affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.